COLIN C. JOSLYN v. BARBARA SCHWEND.[1]

February 27, 1903.

Nos. 13,252—(241).

**Lis Pendens.**
> A lis pendens, when once filed in a proper action, cannot be cancelled by order of the court, on motion or otherwise, so long as the action is pending and undetermined.

**Finding not Sustained by Evidence.**
> The finding of the trial court to the effect that the defendant might have secured the discharge of a lis pendens within a limited time by the use of reasonable diligence, which she failed to exercise, is not sustained by the evidence.

Action in the district court for Hennepin county to enforce specific performance of a contract for the sale of land. The case was tried before Elliott, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed.

*James E. O'Brien*, for appellant.

*C. C. Joslyn* and *James O. Pierce*, for respondent.

START, C. J.

This is the second appeal in this action. See 85 Minn. 130, 88 N. W. 410, 744. The contract for the sale of real estate, which it is sought by this action specifically to enforce, is set out in the opinion of this court on the former appeal. We there held that the contract became void on the expiration of sixty days from its date, unless the defendant might have removed, within that time, by the exercise of reasonable diligence, the cloud on her title by reason of the filing of the lis pendens referred to in the opinion. The result of the first appeal was that a new trial was awarded to the defendant.

On the second trial the district court found, in effect, with other facts, that the defendant might have secured the discharge of the lis pendens within the sixty days by the exercise of reasonable

[1] Reported in 93 N. W. 705.

diligence; that she did not use such diligence, but, on the contrary, she neglected to do so, with the intent and purpose of defeating the plaintiff's rights under such contract. As a conclusion of law, the court on May 26, 1902—a year and seven months after the making of the contract—directed judgment for the plaintiff, to the effect that the defendant convey the land to him on the payment of the agreed purchase price, $1,100, without interest, "less whatever taxes are due and unpaid thereon." The defendant appealed from an order denying her motion for a new trial.

The construction of the contract on the former appeal is the law of this case, and the only question we find it necessary to decide is whether the facts found by the trial court, to which we have referred, are sustained by the evidence. The evidence relevant to this question, taking the most favorable view of it for the plaintiff, is sufficient to establish these facts: The contract in question was made October 24, 1900, and on November 17 next thereafter the plaintiff, by letter, notified the defendant that he was ready to close the contract, and in response thereto she called upon him November 19. He was then ready to pay the purchase price of the land, and she to convey it to him in accordance with the contract. Before the transaction was closed, he discovered that Mrs. C. H. Wilcox on October 25 had filed and recorded a notice of lis pendens, signed by her in person, wherein it was stated that an action had been commenced by her against the defendant to enforce specific performance of a contract to convey the land in question, made by the defendant to her. Thereupon he told the defendant what he had learned. This was the first knowledge she had of it. She did not then know Mrs. Wilcox, and had never heard of her before. Nor had the defendant made any contract whatever with her, or any person other than the plaintiff, for the conveyance of the land. She so told the plaintiff, and further that she would proceed at once to clear the record of the lis pendens, and get the suit disposed of. The plaintiff's reply was to the effect that, if her statement was true, he thought the matter could be disposed of very easily, and offered to undertake it for $15, in view of the fact that he was interested in having the title cleared. She replied that she would consult with her son about

the matter, and let him know in a day or two. She concluded that she wanted a lawyer, whom she better knew than she did the plaintiff, and she never accepted his offer. About December 1 she placed the matter in the hands of another competent attorney.

In fact, the action referred to in the lis pendens had not been commenced when it was filed, nor prior to November 19. When the action was actually commenced does not appear from the record, but a copy of the summons and complaint came to the hands of the defendant's attorney December 20, who promptly answered in the action for her, and such further proceedings were had that the action was dismissed on April 24, 1901, and the lis pendens discharged of record. The defendant's attorney, after his employment, without unnecessary delay, looked up Mrs. Wilcox, and attempted to secure a discharge of the lis pendens by negotiations, but failed so to do without his fault. Thereupon, and on December 14, the defendant, by letter, advised the plaintiff of her inability to secure a discharge of the lis pendens within the time limited in the contract, that her title was in fact good, and that she was ready to give him a deed of the land in accordance with the terms of the contract, or return to him the earnest money paid by him; and on December 22 (the last day of the sixty days, save one, which was Sunday) she tendered him a warranty deed of the land, and demanded the balance of the purchase price. He refused to accept the deed and make payment therefor, for the reason that the lis pendens was still undischarged, and the suit in which it had been filed was undismissed, but he expressed his willingness to do so whenever the suit was dismissed and the lis pendens discharged. The defendant then tendered to him the earnest money paid by him when the contract was made, which he also refused. On the next secular day thereafter (December 24) he commenced this action. The defendant's title to the land was in fact at all times good, and was marketable, except so far as the filing and recording of the lis pendens made it otherwise.

Other than as we have stated, the defendant did not, after the discovery of the filing of the lis pendens, and before the expiration of the sixty days, take any action to secure its discharge. We

take judicial notice that the next general term of the district court of the county of Hennepin, held after the discovery that the lis pendens had been filed, began on the first Monday of January, 1901. Laws 1899, page 173 (c. 167).

Do the evidentiary facts we have stated fairly justify the inference that the defendant might, by the use of reasonable diligence, have procured a discharge of the lis pendens within sixty days after the contract was made, and that she neglected to use such diligence, with intent to defeat the plaintiff's rights under the contract? In order to answer the question intelligently, we must first consider the nature of a lis pendens, and the usual and authorized means of securing its discharge.

A lis pendens is the creature of the statute, and G. S. 1894, § 5866, provides that in any action in which the title to, or lien upon, or interest in any land is involved, either party may file for record in the proper county a notice of the pendency of the action, containing the names of the parties, and a description of the land affected by the action, and thereafter the pendency of the action, from the filing of such notice, and not otherwise, shall be notice to all persons of the rights and equities of the party filing the notice in the land therein described, and, further, that the notice may be discharged by an entry on the margin of the record thereof, or by a writing duly executed, acknowledged, and recorded. This statute gives the right to file a lis pendens only in a certain class of actions, but it gives a party the absolute right to file it in any action belonging to the authorized class. This right is not subject to the discretion or control of the court. The sole function of the lis pendens is to give constructive notice to all the world of the pendency of the action, which is, alone, notice to all persons of the rights and equities of the party filing the lis pendens in the land therein described.

It follows from these propositions that a lis pendens filed before the commencement of a proper action can have no effect until the action is actually pending, and that, if it is filed in an action not of the class mentioned in the statute, it is a nullity, and, further, that a lis pendens, when once filed in a proper action, cannot be cancelled by order of court, on motion or otherwise, so

long as the action is pending and undetermined. 21 Am. & Eng. Enc. (2d Ed.) 634; Mills v. Bliss, 55 N. Y. 139; Beman v. Todd, 124 N. Y. 114, 26 N. E. 326. If, however, a party files a lis pendens in an action not of the authorized class, or an insufficient one in a proper action, the court may, on motion in the action, order it cancelled. St. Regis v. Santa Clara, 62 App. Div. 538, 71 N. Y. Supp. 82.

Now, the defendant, upon being notified of the filing of the lis pendens, was bound to take such measures, and only such, to secure its discharge, as, in veiw of the law applicable thereto, justified a reasonable expectation of success. Due diligence required her to do this, and no more. The lis pendens purported on its face to have been filed in a proper action, and if such, in fact, were the case, there were but two things she could have done, which, in view of the law, promised any hope of success. They were, first, to try to secure the discharge of the lis pendens by negotiation with the party filing it; and, second, to answer in the action and bring it to a conclusion as soon as possible. She tried both. She failed in her negotiations, and there was no term of court at which the action could be tried until after the expiration of the sixty-day limitation in the contract.

It is, however, urged by plaintiff that she might have brought an independent action to remove the lis pendens as a cloud on her title. If such an action could have been maintained, it could not have been brought to trial any sooner than the one in which the lis pendens was filed. But this aside, the action could only be maintained by showing that there was no such action pending as the one described in the lis pendens, for, if in fact there was such an action pending, the lis pendens would be only an incident thereto, and no independent action would lie to contest its validity. It would be otherwise if in fact no action had ever been commenced, for in such a case we see no reason why an action to determine the apparent adverse claims to the land by the party filing the lis pendens could not be maintained. It is further claimed that she might have secured an order from the court, on motion, discharging the lis pendens. The claim is without merit. If the action was in fact pending, the court, as already stated,

would have no power to order it discharged until the action was determined in the regular course of procedure therein. If no action was pending, the remedy, as suggested, would be an independent action, for in such a case the rule that a lis pendens filed in an action, not of the authorized class, or an insufficient one, may be discharged on motion in the action, has no application, for necessarily where there is no action pending no motion can be made therein. Or in other words, if no action were pending, a motion to discharge the lis pendens would be, in effect, an attempt to determine adverse claims to real estate, or to remove a cloud on the title thereof, summarily, by motion on affidavits, without action or trial.

And so we come back to the question propounded on the argument: What more could the defendant have done, with any reasonable prospect of success, to have secured a discharge of the lis pendens within the time limited, than she did do? The record and the law of the case answer, "Nothing." And we hold that the finding of fact complained of by her is not sustained by the evidence. Some stress is laid upon the fact, as claimed by the plaintiff, that the defendant promised after this action was commenced to procure a discharge of the lis pendens and convey the land to him. The promise was without consideration, for the rights of the parties had been fixed, and there was no evidence that the plaintiff changed his position to his prejudice by reason of the promise.

Order reversed and a new trial granted.