# A. H. PAINTER v. EDWARD GUNDERSON.[1]

November 7, 1913.

Nos. 18,519—(67).

**Unauthorized lis pendens.**

1. A lis pendens filed in an action not of the authorized class may be canceled on motion.

**Same — abatement of nuisance.**

2. An action brought by plaintiff to abate a nuisance, consisting in the obstruction of a public highway, and to recover damages, is not an action of the authorized class; but a defendant not claiming ownership of the land included in the highway, and not an abutting owner, and having no interest in the highway except as he is a portion of the general public, is not in position to move for a cancelation of the lis pendens.

From an order of the district court for Hennepin county, Dickinson, J., denying defendant's motion to discharge the notice of lis pendens, defendant appealed. Affirmed.

*A. B. Jackson,* for appellant.

*Wilson, Mercer, Swan & Stinchfield,* for respondent.

DIBELL, C.

The plaintiff brought this action to abate a nuisance, consisting in the obstruction of a highway, and to recover damages sustained by such obstruction. He filed a lis pendens describing by metes and bounds as the property affected by the action, the highway mentioned.

The defendant moved to cancel the lis pendens. His motion was denied. He appeals from the order denying it.

1. The court, on motion, may cancel a lis pendens when filed in an action not of the authorized class. Joslyn v. Schwend, 89 Minn. 71, 93 N. W. 705.

2. Section 4389, R. L. 1905, as amended by Laws 1907, p. 455, c. 332, provides that a lis pendens may be filed "in all actions in

[1] Reported in 143 N. W. 911.

which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party." The lis pendens makes the pendency of the action notice to purchasers and incumbrancers "of the rights and equities of the party filing the same to the premises."

It is clear that the plaintiff has nothing resembling a proprietary right or interest in the land included within the highway. The judgment, if in his favor, will not result in an adjudication that he has. If he is successful the judgment will require the defendant to remove the obstruction and to restore the highway to its former condition and to pay damages. A judgment in the action, whether for or against the plaintiff, will not have any effect as an adjudication in actions brought by others situate as the plaintiff is, either in favor of or against such plaintiffs, or in favor of or against the defendant. It will have no effect in an action brought by the public authorities to establish or determine the highway. The judgment will determine nothing except as between the plaintiff and the defendant and then nothing as to a right, interest or equity in the land. The plaintiff's right to have the highway kept open is a wholly intangible right, to be enjoyed in common with the general public. It cannot, by any decree, be attached to the land included in the highway as a right or interest or equity in it.

We think the statute does not contemplate the filing of a lis pendens in a situation such as this.

While all this is true, it is likewise true that the defendant has nothing resembling a proprietary interest in the land included within the highway. It is alleged to be a public highway. The defendant does not deny this. He has demurred, and for the purposes of the motion the land described is a public highway. The defendant is not an abutting owner. He is no more concerned than is the plaintiff whether there is a lis pendens filed. Neither the plaintiff nor the defendant is interested in the land described except as they are a part of the general public. Perhaps the public authorities might complain that the plaintiff had filed a lis pendens. That question is not involved.

The plaintiff was in no position to file a lis pendens. The defendant is in no position to object that he did file one.

Order affirmed.