# E. LUTHER MELIN v. MARY MOTT AND OTHERS.[1]

May 29, 1942.

No. 33,150.

*E. Luther Melin,* pro se.
*George L. Bargen,* for respondent Katherine Vickers.

HILTON, JUSTICE.

This is an action brought by plaintiff, an attorney at law, to set aside a deed to a piece of property in which he claims an interest through defendant Mott, a former client. For her, plaintiff obtained a judgment in the Minneapolis conciliation court, which was later docketed in Beltrami county, where the judgment debtor had property. There was no redemption from the execution sale, and defendant Mott acquired title. The plaintiff rendered his services upon a contingent basis with the understanding that he was to receive one-third of the recovery, *i. e.,* the value of the land.

[1]Reported in 4 N. W. (2d) 600.

Disagreement arose between them over the fee. Unable to adjust it, plaintiff, in September 1936 commenced action to recover his share and simultaneously filed a notice of *lis pendens* with the register of deeds in Beltrami county. Thereafter, in June 1937, defendant Mott conveyed the property to defendant Vickers, receiving $2,400 as consideration. The action came on for trial in 1939, and plaintiff recovered judgment for $766.63. Then the present action was begun in order to set aside the conveyance as having been in fraud of plaintiff and to subject the property to the lien of his money judgment.

Since the finding that defendant Vickers "had no actual knowledge or any information concerning plaintiff's claim of any interest in said property" is abundantly supported by the evidence, the narrow question for decision goes to the effectiveness of the notice of *lis pendens* to protect plaintiff's rights. Where properly applicable, a notice of *lis pendens* is effective to preserve the rights of a successful litigant against the claim of a subsequent purchaser or encumbrancer. Mason St. 1927, § 9521; see Joslyn v. Schwend, 89 Minn. 71, 74, 93 N. W. 705. Not so, however, where *lis pendens* has been improperly used. Then it is wholly ineffectual to accomplish that result. Painter v. Gunderson, 123 Minn. 342, 143 N. W. 911.

Under statute, a notice of *lis pendens* may be used "in all actions in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party." Mason St. 1927, § 9521. An examination of the record in the previous action between plaintiff and defendant Mott convinces us that the recovery of money was the sole object of the action. The only relevancy of the real property in that action was in respect to its value, so that plaintiff's share could be determined. Only a money judgment was obtained. Plaintiff neither sought nor recovered a lien upon the premises. Consequently, his attempt to utilize *lis pendens* in support of an action outside of the scope of the statute is unavailing and of no effect.

Conceding that plaintiff's attorney's lien extended to the premises in question, it could not survive the *bona fide* purchase of defendant Vickers unless the notice of *lis pendens* can be given the effect of a notice of intention to claim an attorney's lien. Mason St. 1927, § 5695. It cannot for two reasons: It was not verified, and it did not specify the amount of lien claimed. Both are statutory requisites of such a notice.

Judgment affirmed.