VILLAGE OF MENDOTA HEIGHTS v. VILLAGE
OF LILYDALE AND OTHERS.
INLAND CONSTRUCTION CORPORATION,
RESPONDENT.

199 N. W. 2d 803.

July 28, 1972—Nos. 43490, 43504.

194

*Oppenheimer, Brown, Wolff, Leach & Foster, Sherman Winthrop,* and *Craig W. Gagnon,* for appellant.

*Thuet, Collins & Mitchell* and *Jack A. Mitchell,* for respondent village of Lilydale.

*Larkin, Hoffman, Daly & Lindgren, James P. Larkin,* and *Robert J. Hennessey,* for respondent Inland Construction Corporation.

OTIS, JUSTICE.

These consolidated appeals arise from an action brought to establish the village boundaries of Mendota Heights and Lilydale in Dakota County. The trial court granted Lilydale summary judgment, holding that the five parcels which are the subject

of this litigation were included within its corporate limits. In addition it granted defendant Inland Construction Corporation's motion to discharge a notice of lis pendens. Mendota Heights appeals, and we reverse in part, and remand and direct a trial on the merits.

■ The village of Mendota Heights throughout these proceedings has resisted a disposition of the issues by summary judgment. We agree that the undisputed facts disclosed by the record are wholly inadequate to support a decision without a trial on the merits. The trial court made no findings and accompanied his order with no memorandum. As a reviewing court, we are, therefore, unable to discern the basis for the trial court's decision.

■ The village of Lilydale was incorporated September 10, 1951. In 1955 and 1956, the village attempted to annex the five parcels of land which are the subject of this litigation. Although the village adopted an ordinance in 1970 to ratify the annexations, Mendota Heights challenges the validity both of the annexation resolutions and the ordinance ratifying them. Upon a trial on the merits, it will be incumbent on the trial court to make specific findings with respect to the validity of the Lilydale annexation proceedings. As to this issue, the village of Mendota Heights will have the burden of proof.

■ Mendota Heights was incorporated on February 26, 1956. Its northwest boundary was described as concurrent with the southeast boundary of Lilydale. The five parcels in dispute project south of the southeasterly edge of Sibley Highway or Minnesota Highway No. 13, which Mendota asserts is the proper boundary line. Mendota Heights claims that in 1959 and 1962 it zoned property described as parcel 2 for single-family dwellings. Lilydale has granted defendant Inland Construction Corporation a building permit to erect two 80-unit apartment buildings on that property. This was the exercise of sovereignty which precipitated the litigation.

In support of Lilydale's motion for summary judgment, its

village attorney filed an affidavit asserting that since its incorporation the village has collected taxes on the disputed territory and that in 1959 Mendota Heights excluded the property from its zoning plan in recognition of Lilydale's jurisdiction over it. In addition, in support of its claim that Mendota Heights has been guilty of laches, Lilydale argues that it has policed the area, licensed businesses in it, issued building permits, and provided fire protection. The record does not sustain these assertions, however.

In the event the trial court should find that Lilydale's annexation proceedings were invalid, it will consider the issue of laches. In so doing, the court should be guided by competent evidence directed at a number of factors which we enumerate, without intending to limit or restrict the scope of the trial court's inquiry. The court will consider the extent to which Lilydale and Mendota Heights engaged in the following municipal activities: (1) Levying taxes; (2) opening, improving, and maintaining roads and streets; (3) levying special assessments; (4) providing fire protection; (5) constructing sewer and waterlines; (6) prescribing and enforcing zoning ordinances; (7) providing street addresses; (8) issuing bonds on improvements; (9) granting building permits; and (10) issuing business licenses.

On the question of laches, the court will weigh, among other things, any injury or injustice which might result to property owners from its decision, and the extent, if any, to which there has been acquiescence by either party in the exercise of sovereignty by the other. People ex rel. Village of Colfax v. Maxton, 139 Ill. 306, 28 N. E. 1074 (1891); Village of Elberta v. City of Frankfort, 347 Mich. 173, 178, 79 N. W. 2d 616, 618 (1956); Township of Scotch Plains v. Town of Westfield, 83 N. J. Super. 323, 199 A. 2d 673 (1964); City of St. Matthews v. City of Beechwood Village, 373 S. W. 2d 427 (Ky. 1963); People ex rel. Knaus v. Village of Hinsdale, 111 Ill. App. 2d 368, 250 N. E. 2d 309 (1969). The village of Lilydale will have the burden of proof on the issue of laches.

■ Inland Construction Corporation, whose right to erect multiple-family dwellings on parcel 2 is here at issue, sought and obtained from the trial court an order canceling a notice of lis pendens recorded by Mendota Heights. As to that order, we affirm.

Under Minn. St. 557.02, a notice of lis pendens may be filed with the register of deeds "[i]n all actions in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party * * *. From the time of the filing of such notice, and from such time only, the pendency of the action shall be notice to purchasers and encumbrancers of the rights and equities of the party filing the same to the premises." In Painter v. Gunderson, 123 Minn. 342, 343, 143 N. W. 911, 912 (1913), we held that only a party having a "proprietary right or interest in the land" may file a notice of lis pendens. Although Mendota Heights obviously has an interest in the five parcels which are the subject of this litigation, we are of the opinion it is not the proprietary right or equity which the statute contemplates. We do not undertake to suggest the kind of notice a municipality should give where substantial property rights may be affected by the issue of where municipal boundaries lie. Nor do we intimate what steps should be taken to protect purchasers or lenders who have no notice of the dispute. Suffice it to say we do not believe the legislature intended a notice of lis pendens to be available to municipalities where their only concern is based on a sovereign right and not on a proprietary right.

No costs will be allowed either party.

Reversed in part and affirmed in part.

MR. CHIEF JUSTICE KNUTSON and MR. JUSTICE TODD took no part in the consideration or decision of this case.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.