## GRACE DEVELOPMENT COMPANY, INC. v. WILLIAM A. HOUSTON AND ANOTHER.

237 N. W. 2d 73.

December 12, 1975—No. 45343.

*Andrew P. Engebretson,* for appellant.

*Barnett, Ratelle, Hennessy, Vander Vort, Stasel & Herzog* and *William Haug,* for respondents.

Heard before Peterson, Kelly, and MacLaughlin, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, JUSTICE.

This appeal raises the question of whether plaintiff was entitled to file a notice of lis pendens in connection with its action against defendants for certain monies allegedly due to plaintiff pursuant to various contracts for the sale of land and the construction of a house on the land. The district court ordered the notice of lis pendens canceled and expunged from the record. We affirm.

On December 27, 1973, plaintiff commenced an action alleging that on March 5, 1972, plaintiff and defendants had entered into

a purchase agreement wherein plaintiff sold to defendants a tract of land upon which plaintiff agreed to build a house. Plaintiff further alleged in his complaint that pursuant to the original purchase agreement, an alleged supplemental agreement dated May 20, 1972, and alleged oral agreements between the parties, defendants had agreed to pay for certain cabinets, a deck, and other costs, but failed to do so. On the same day, plaintiff filed a notice of lis pendens in connection with the suit.

Defendants admitted that they entered into the purchase agreement of March 5, 1972, but denied any other agreements with plaintiff. Under the terms of the purchase agreement, defendants contracted to pay $26,000 for the land and house, and plaintiff promised to deliver a warranty deed upon payment of the purchase price. It is undisputed that plaintiff delivered a warranty deed to defendants conveying the real property in question.

A party may file a notice of lis pendens "[i]n all actions in which the title to, or any interest in or lien upon, real property is involved or affected." Minn. St. 557.02.[1] If the cause of action involves a lien, the lien must exist at the time the action is commenced. "The lien which results merely from an ultimate entry of a judgment provides no basis for the filing of a notice of *lis pendens*." Rehnberg v. Minnesota Homes, Inc. 236 Minn. 230, 234, 52 N. W. 2d 454, 456 (1952). Thus, plaintiff's complaint must involve an existing lien in order to come within the lis pendens statute.

Plaintiff argues that his cause of action involves a common-law vendor's lien. A vendor's lien is an implied equitable lien upon real property for the amount of the unpaid purchase price. It exists independently of any express agreement at the time of the conveyance and without regard to the absence of the grantor's intention to claim it. The basis for the vendor's lien is the

---

[1] An order canceling a notice of lis pendens is appealable. Rehnberg v. Minnesota Homes, Inc. 235 Minn. 558, 49 N. W. 2d 196 (1951).

broad equitable principle that a person having obtained the estate of another should not be allowed to keep it without paying the purchase price. See, generally, 77 Am. Jur. 2d, Vendor and Purchaser, § 431; Annotation, 91 A. L. R. 148.

The extent of a vendor's lien depends entirely on the amount of the unpaid purchase price. If there is no purchase price owing, then there is no vendor's lien. The fact that a purchaser of real property may owe a vendor money does not by itself establish a vendor's lien. The debt must be solely for the purchase price of real property. Thus, we have held that where realty and personalty are sold at the same time for a gross consideration there is no implied or equitable lien upon the realty unless the court can accurately ascertain the amount of the charge attributable to the purchase of the realty. Shove v. Burkholder Lbr. Co. 154 Minn. 137, 191 N. W. 397 (1923); Peters v. Tunell, 43 Minn. 473, 45 N. W. 867 (1890).

In the instant case, plaintiff does not allege in his complaint that the money owed is for the purchase price of the realty. Indeed, the record indicates that plaintiff's claim is not in fact for the purchase price of the realty but arises from some separate and undisclosed supplemental agreement between the parties. The purchase agreement of March 5, 1972, clearly states that the purchase price for the property is $26,000 and that plaintiff is to convey a warranty deed to defendants upon full payment of the purchase price. The fact that plaintiff subsequently delivered such a deed to defendants raises a strong inference that plaintiff has been paid the full purchase price. Moreover, plaintiff's claim against defendants is not based on any unpaid portion of the lump sum of $26,000 but on specific charges for the construction of cabinets and other items. It is clear that these specific charges, if they are in fact valid, are based upon some separate contract between the parties. Vague references to undisclosed contracts are not sufficient to establish a vendor's lien. In Peters we stated (43 Minn. 475, 45 N. W. 868):

"* * * [A] vendor of real property is not entitled to an im-

plied equitable lien to secure the performance of the consideration when that is of such a nature * * * that the court cannot accurately ascertain and define the amount of the charge to be imposed upon the land and enforced out of it."

In the instant case, this court cannot "accurately ascertain and define the amount of the charge to be imposed upon the land" because we do not know the nature or terms of all of the alleged agreements between the parties.

Since plaintiff's complaint does not set forth a claim for the unpaid portion of a fixed and certain purchase price for real property, its cause of action does not involve a vendor's lien and is inadequate to support the filing of a lis pendens. This state does not favor liens against homesteads, and we will not construe vague and unsupported allegations to support such a lien in this case. The trial court's order canceling the notice of lis pendens is therefore affirmed.

Affirmed.