**Kenneth H. WESTPHAL, Appellant,**

v.

**Richard W. ANDERSON, Respondent.**

**No. C9–83–2053.**

Court of Appeals of Minnesota.

April 17, 1984.

Dennis W. Strid, Minneapolis, for appellant.

Timothy H. Butler, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal arises from an order of the Hennepin County District Court granting respondent's motion to expunge notices of lis pendens filed by appellant against certain property owned by respondent.

Appellant initiated two actions against respondent, in his individual and corporate capacities, seeking an accounting and amounts due as a result of an alleged joint venture between the parties. After filing the complaints, he filed notices of lis pendens with the Hennepin County Recorder's Office.

The district court granted respondent's motion to expunge the notices of lis pendens, finding as a matter of law that the written agreement did not support the existence of a joint venture. As a result, the court found that appellant's claim was not sufficient to support a notice of lis pendens under Minn.Stat. Sec. 557.02 (1982).

We affirm.

## FACTS

Appellant Westphal and respondent Anderson, a real estate developer, entered into a written agreement on August 2, 1979, which is titled a "commission contract." The agreement provides that Anderson pay Westphal a certain percentage of profits realized on sales of property owned by Anderson and "worked on" by Westphal. The agreement refers to these payments as "fees."

The business relationship of the parties is disputed. Westphal claims that they were joint venturers. Anderson denies the existence of a joint venture, and argues that the relationship was simply one of employer and employee. The relationship apparently deteriorated, and was terminated in April 1980.

## ISSUE

Did the trial court err in holding that absent a contract establishing a joint ven-

ture between the parties, appellant cannot file notice of lis pendens?

## ANALYSIS

Minn.Stat. Sec. 557.02 (1982) provides in pertinent part:

Notice of Lis Pendens

In all actions in which the title to, or any interest in or lien upon, real property is involved or affected, ... any party thereto ... may file for record ... a notice of the pendency of the action ...

This statute has been construed to provide a right to file a notice of lis pendens only in a certain class of actions, i.e., actions involving title to, interest in, or lien upon property; but when the claim is within the proper class, it may not be cancelled until the action has been decided. *Joslyn v. Schwend*, 89 Minn. 71, 74, 93 N.W. 705, 706 (1903). Based upon *Joslyn*, appellant argues that the notices of lis pendens should not have been expunged because he had alleged a joint venture; that the existence of a joint venture is a question of fact; that material questions of fact were raised as to the existence of a joint venture; and that therefore it was improper for the district court to have found as a matter of law that appellant's notices of lis pendens were unsupported by an interest in the property.

The decisive question, then, is whether Westphal's claim is one that falls within the class of actions sufficient to support a notice of lis pendens.

Appellant's claim does not fall within the proper class by virtue of involving a controversy over title to property. It is undisputed that title to the property was at all times held by Anderson. Westphal's claim, then, must be supported by an equitable interest in the property. He asserts that this is accomplished by virtue of the alleged joint venture.

The issues of lis pendens and joint venture were raised in a similar context in *Rehnberg v. Minnesota Homes*, 236 Minn. 230, 52 N.W.2d 454 (1952). In *Rehnberg*, the Minnesota Supreme Court affirmed the trial court's cancellation of a notice of lis pendens, holding that the appellant had not established an interest in the property. *Id.* at 237, 52 N.W.2d at 458. The court agreed that, had appellant been able to establish the existence of a joint venture, his action would have involved an equitable lien on the property, and he would have brought himself within the statutory provisions. *Id.* at 234, 52 N.W.2d at 456.

The court set forth four elements that are necessary to establish the existence of a joint venture: (1) contribution by both parties; (2) joint proprietorship and control; (3) sharing of profits, but not necessarily losses *(aside from profits received in payment of wages as an employee);* and (4) a contract, express or implied. *Id.* at 235–36, 52 N.W.2d at 457 (emphasis original).

The court in *Rehnberg* found only the first element satisfied. In that case, the relationship was explicitly one of employer and employee, and therefore the profits were to be paid only as wages; there was no proprietary interest; and the contract itself failed to establish a joint venture. *Id.* at 236–37, 52 N.W.2d at 457–58. Under those circumstances, cancellation of the notice of lis pendens was proper.

■ An application of the four elements to the facts of this case demonstrates that appellant has failed to establish the existence of a joint venture. While the pleadings and affidavits do present questions of fact as to the existence of the first three elements, the fourth requirement, a contract, is not satisfied. Without the existence of a contract, the questions of fact are immaterial. A contract is indispensable to a joint venture. *Roberts v. Donaldson*, 276 Minn. 72, 149 N.W.2d 401 (1967). There is, of course, a contract between the parties here, but it does not establish the relationship of joint venturers.

■ "The construction and effect of a contract are questions of law for the court ..." and only when an ambiguity exists is there a question of fact for the jury. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63 (Minn.1979). "[T]he language found in a contract is to be given its plain

and ordinary meaning." *Id.* at 67. "The fundamental approach to construing contracts is to allow the intent of the parties to prevail." *Id.* at 66.

■ Applying these principles to the contract at hand, it is clear that this agreement does not create a joint venture. There is no ambiguity. The contract speaks of a commission agreement, work done, and fees to be paid. These words, in their plain and ordinary sense, denote an employment relationship, not a partnership or joint venture. Without the crucial element of a contract, there is simply no need to further examine the allegation of a joint venture.

### DECISION

Appellant has failed to establish the existence of a joint venture. His claim is insufficient to come within the provisions of Minn.Stat. Sec. 557.02.

The district court was correct in its determination that if appellant has a valid claim, it lies in breach of contract, and is not sufficient to support a notice of lis pendens under Minn.Stat. Sec. 557.02.

Affirmed.