CONSTRUCTION GENERAL, INC.,
et al., Appellants,

v.

RICHARD SCHWARZ/NEIL WEBER,
INC., et al., Respondents.

No. C1–84–775.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Erich J. Russell, Minneapolis, for appellants.

Julian Hook, St. Louis Park, for respondents.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants appeal the special term court's order quashing their notice of lis pendens and ordering the Hennepin County Recorder's office to expunge its records, claiming (1) the special term court erred by finding appellants did not satisfy the requirements for lis pendens under Minn. Stat. § 557.02 (1982) and (2) the special term court did not have the authority to issue the order. We affirm.

## FACTS

On January 20, 1982, appellants Construction General, Inc. and Barr/Nelson, Inc. entered into a written agreement with respondent Richard Schwarz/Neil Weber, Inc. creating a joint venture to submit a development proposal for the Lake Harriet School site in Minneapolis. Richard Schwarz/Neil Weber, Inc. put together a development proposal for the Lake Harriet School site which provided for the construction of several townhouses on the property. The proposal, which was presented to the Lake Harriet Site Advisory Committee, listed the Ebenezer Society, New Horizon Daycare Centers and Barr/Nelson, Inc. as partners in the proposal.

At one of the Committee's meetings on February 25, 1982, the members raised questions as to Barr/Nelson's ability to perform in an efficient, correct manner on the job. In a letter to the Committee dated March 1, 1982, Neil Weber defended Barr/Nelson's ability to perform the work in a satisfactory manner. Weber also indicated that if the board had misgivings about Barr/Nelson, another contractor would be substituted. The letter further proposed the land be sold to Schwarz/Weber as a corporation so that Schwarz/Weber would be the one party directly responsible to the community and the Minneapolis School Board. On May 5, 1982, the Schwarz/Weber Development Company was incorporated with its sole shareholders being respondents Richard Schwarz and Neil Weber.

The Committee ultimately approved the Schwarz/Weber proposal. On December 14, 1982, a contract for sale of the Lake

Harriet School site between Special School District No. 1 and Schwarz/Weber Development Co., Inc. was executed. On April 13, 1983, the Special School District conveyed its interest in the property to Schwarz/Weber Development Co. by a quitclaim deed. The School District retained a right of re-entry should Schwarz/Weber Development assign or transfer any interest in the property other than by sales of residential units.

Schwarz/Weber was ultimately unable to reach an agreement with appellants regarding the general contracting of the project. This was apparently due to Schwarz/Weber's insistence that Barr/Nelson and Construction General pay respondents approximately $25,000 for certain past due accounts and notes prior to commencement of the construction. Schwarz/Weber Development eventually hired a different contractor. Work has been completed on fifteen of the townhouses. Those units have been sold or are awaiting closing.

On January 5, 1984, appellants commenced an action alleging breach of joint venture, breach of fiduciary duty, and asking for an accounting. Appellants filed a notice of lis pendens January 5, 1984 on the developed Lake Harriet School site.

Respondents moved to expunge the notice of lis pendens from the county records. On January 25, 1984, the special term court issued an order directing the Hennepin County Recorder's office to expunge the notice of lis pendens from its records. Appellants appeal from the January 25, 1984 order.

## ISSUES

1. Whether appellants had the right to file a notice of lis pendens under Minn.Stat. § 557.02 (1982)?

2. Whether the special term court had the authority to issue an order quashing appellants' notice of lis pendens and ordering the Hennepin County Recorder's office to expunge its records?

## ANALYSIS

1. Minn.Stat. § 557.02 (1982) governs notice of lis pendens and provides:

In all actions in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party, any party thereto, at the time of filing the complaint, or at any time thereafter during the pendency of such action, may file for record with the county recorder of each county in which any party of the premises lies a notice of the pendency of the action * *.

*Id.* There is no question of title in this case. Appellants claim they have an equitable lien in the property by virtue of a joint venture between themselves and respondents. *See Rehnberg v. Minnesota Homes, Inc.*, 236 Minn. 230, 234, 52 N.W.2d 454, 456 (1952).

In order to show a joint venture, appellants must prove four elements:

(a) Contribution—the parties must combine their money, property, time, or skill in some common undertaking, but the contribution of each need not be equal or of the same nature.

(b) Joint proprietorship and control—there must be a proprietary interest and right of mutual control over the subject matter of the property engaged therein.

(c) Sharing of profits but not necessarily of losses—there must be an express or implied agreement for the sharing of profits (aside from profits received in payment of wages as an employee) but not necessarily of the losses.

(d) Contract—there must be a contract, whether express or implied, showing that a joint venture was in fact entered into.

*Id.* at 235–36, 52 N.W.2d at 457 (emphasis omitted).

The trial court found appellants did not meet the proprietorship and control requirement of the *Rehnberg* test. This finding was correct. Appellants did not have

880

any control over the development of the Lake Harriet School site. Appellants did not supervise or participate in the development of the property. As the special term court indicated, "The record clearly shows that Plaintiff's participation in the subsequent Lake Harriet School site development was nil."

The special term court's conclusion is also supported by the contents of the land sale contract, which categorically requires Schwarz/Weber Development Co. to control the project. Section 12 of the contract contains a warranty that Richard Schwarz and Neil Weber are the sole owners of Schwarz/Weber Development Co. Section 12 also contains provisions requiring Schwarz and Weber to maintain control over the project. A sharing or transfer of control gives the school board the right to re-enter and take possession of the property. The trial court correctly found appellants did not have sufficient control over the development to create a joint venture.

Appellants may have a breach of contract action against respondents, but this is not sufficient to create an equitable lien. As noted in *Rehnberg:*

Plaintiff simply alleges a breach of contract, prays for an accounting, and demands that any amount adjudged to him shall, to enforce its collection, be declared a specific lien upon the property. The lien which results merely from an ultimate entry of judgment provides no basis for the filing of a notice of lis pendens.

*Rehnberg,* 236 Minn. at 234, 52 N.W.2d at 456.

Appellants' reliance upon *Anderson v. Property Developers, Inc.,* 370 F.Supp. 1205 (D.Minn.1974), *aff'd,* 555 F.2d 648 (8th Cir.1977), is misplaced. *Anderson* did not deal with a notice of lis pendens. The *Anderson* court's discussion of the control requirement was limited to a statement that "The evidence satisfies the four requirements for a joint venture set out in *Rehnberg v. Minnesota Homes."* 370 F.Supp. at 1208 (citation omitted).

2. Appellants contend the special term court did not have the authority to examine the matter and determine the validity of the lis pendens. The district court's authority to cancel an invalid notice of lis pendens is well established:

The court, on motion, may cancel a lis pendens when filed in an action not of the authorized class.

*Painter v. Gunderson,* 123 Minn. 342, 342, 143 N.W. 911, 911 (1913); *Joslyn v. Schwend,* 89 Minn. 71, 75, 93 N.W. 705, 706 (1903). The Minnesota Supreme Court has consistently affirmed the district court's power to cancel an invalid lis pendens. *See Grace Development Co. v. Houston,* 306 Minn. 334, 237 N.W.2d 73 (1975); *Rehnberg,* 236 Minn. 230, 52 N.W.2d 454.

### DECISION

The trial court correctly found appellants were not authorized to issue a notice of lis pendens under Minn.Stat. § 557.02 (1982). The trial court had the authority to issue an order quashing the lis pendens, expunging the county recorder's records, and eliminating the cloud on the title of the townhouses.

Affirmed.