Peter M. Mansur, By and Through the Conservator of the ESTATE Of Peter M. MANSUR, Appellant,

v.

EDEN PRAIRIE REAL ESTATE INVESTMENT CORPORATION, et al., Respondents.

No. C7–85–1777.

Court of Appeals of Minnesota.

March 25, 1986.

Jeffrey J. Keyes, Barton L. Seebach, Minneapolis, for appellant.

Allen I. Saeks, Nancy A. Welsh, Minneapolis, for respondents.

Considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, J., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Peter Mansur appeals from an order of the Hennepin County District Court discharging a lis pendens on property owned by respondent Eden Prairie Real Estate Investment Corporation (EPREIC). Mansur contends he has a sufficient equitable interest to support a lis pendens. We affirm.

## FACTS

EPREIC was formed in 1976. Mansur is a 25 percent shareholder in EPREIC, as are respondents Richard M. Vogel, Thomas K. Carpenter, and Robert C. Chinn. In 1977, EPREIC purchased its only asset, 17.6 acres of land in Eden Prairie. The purchase was financed through a promissory note and mortgage from EPREIC to the First Edina National Bank. Vogel, Carpenter, Chinn, and Mansur personally guaranteed the note.

The corporation eventually defaulted on the promissory note, and First Edina filed suit to foreclose the mortgage and collect on the promissory note. Mansur brought a counterclaim against First Edina and cross-claims against Vogel, Carpenter, and Chinn, alleging that he was fraudulently induced to invest in the corporation and guarantee the note. EPREIC and Vogel, Carpenter, and Chinn brought cross-claims against Mansur. On March 8, 1984, First Edina obtained a partial summary judgment against Vogel, Carpenter, and Chinn. The claims between Mansur and First Edina and the cross-claims remain unresolved.

EPREIC, Vogel, Carpenter, and Chinn settled their dispute with First Edina on September 11, 1984. Vogel, Carpenter, and Chinn agreed to pay the note plus interest. In return, First Edina released its claims against EPREIC, Vogel, Carpenter, and Chinn and assigned the promissory note, the mortgage, the personal guaranties, and a claim for attorney fees to Vogel, Carpenter, and Chinn. Mansur was notified of the settlement hearing but did not attend.

On September 28, 1984, EPREIC held a special meeting of shareholders and directors to discuss liquidation of corporate assets. The shareholders approved a liquidation plan whereby EPREIC would deed the 17.6 acre plot to Vogel, Carpenter, and Chinn. In return, they would release the mortgage, the promissory note, and their other claims against EPREIC. Mansur did not attend the special meeting.

On October 19, 1984, respondents offered Mansur the opportunity to participate in a new corporation and develop the 17.6 acre property. Mansur instead filed this action on October 29, 1984. His complaint alleged the liquidation plan was an "attempt to unjustly and fraudulently eliminate" his interest in the property. Mansur also moved for a temporary restraining order to prevent the liquidation.

During the morning of October 31, 1984, Judge Eugene Minenko denied Mansur's motion for a temporary restraining order because

> no adequate showing warranting equitable relief as sought on this motion has been made by plaintiff and that plaintiff has an adequate remedy or remedies at law, either in this action or in a related action.

That same afternoon, respondents EPREIC, Vogel, Carpenter, and Chinn executed documents to settle their dispute with First Edina and transfer the 17.6 acre plot from EPREIC to Vogel, Carpenter, and Chinn. Then Vogel, Carpenter, and Chinn transferred the property to the new corporation. Before the transfers were recorded, however, Mansur filed a notice of lis pendens against the parcel.

On May 9, 1985, respondents brought a motion to cancel the lis pendens on the grounds that Mansur had "neither a proprietary interest in nor an equitable lien upon" the 17.6 acre property. An affidavit alleged that Mansur had "done nothing" to prosecute the action by way of discovery.

Mansur opposed the motion and filed an affidavit alleging he had invested $80,000 in EPREIC as a joint venture with Vogel. Mansur was to share in the "equity gain"

and recover his investment. Mansur claimed the entire transaction was designed to pay off Vogel's previous mortgage on the property.

On May 24, 1985, the trial court ordered Mansur's lis pendens cancelled.

## ISSUE

Did the trial court err in cancelling appellant's lis pendens?

## ANALYSIS

A notice of lis pendens may be filed in any action

> in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party * * *.

Minn. Stat. § 557.02 (1984). In *Westphal v. Anderson,* we observed that this statute

> has been construed to provide a right to file a notice of lis pendens only in a certain class of actions, i.e., actions involving title to, interest in, or lien upon property; but when the claim is within the proper class, it may not be cancelled until the action has been decided.

*Westphal v. Anderson,* 347 N.W.2d 85, 87 (Minn.Ct.App.1984) (citing *Joslyn v. Schwend,* 89 Minn. 71, 74, 93 N.W. 705, 706 (1903)).

It is undisputed that legal title to the 17.6 acre tract was held by EPREIC from 1977 until October 31, 1984. Mansur contends only that he has an equitable interest in the property because EPREIC is a "joint venture." We must determine whether the trial court erred in finding Mansur did not have a claim "within the class of actions sufficient to support a notice of lis pendens." *Westphal,* 347 N.W.2d at 87.

In *Rehnberg v. Minnesota Homes,* the Minnesota Supreme Court stated:

> If plaintiff is correct in his theory that he has in fact pleaded a joint adventure, then his action involves an equitable lien upon the designated real estate, and he has brought himself within the provi-

sions of § 557.02 for the proper filing of a notice of lis pendens.

*Rehnberg v. Minnesota Homes,* 236 Minn. 230, 234, 52 N.W.2d 454, 456 (1952). The elements of a joint venture are: (1) contribution by both parties; (2) joint proprietorship and control; (3) sharing of profits, but not necessarily losses; and (4) a contract, express or implied. *Id.* at 235–36, 52 N.W.2d at 457; *Westphal,* 347 N.W.2d at 87.

The trial court found no evidence that would support a finding of joint venture elements. This finding must be sustained unless it is clearly erroneous. Minn.R. Civ.P. 52.01.

■ Mansur contends he was fraudulently induced to invest in EPREIC and that the corporation is a joint venture. Mansur has established he is a 25 percent shareholder in EPREIC. The record contains bare allegations regarding the formation and purpose of EPREIC, but there is no evidence of the exact conduct or intent of the parties. There is no evidence of a contract, express or implied, between Mansur and EPREIC or its other shareholders. The evidence only relates the sequence of events since 1984, when EPREIC defaulted on the mortgage.

We agree with the trial court that Mansur did not prove the existence of a joint venture. As this court observed in *Westphal:*

> [T]he fourth requirement, a contract, is not satisfied. Without the existence of a contract, the questions of fact are immaterial. A contract is indispensible to a joint venture.

347 N.W.2d at 87. The trial court accurately characterized this litigation in a memorandum incorporated in its order:

> The filing of a Notice of Lis Pendens is, this court believes, yet another attempt to gain the relief which Judge Minenko denied, and this court would also find that plaintiff is not entitled to that relief. The Notice of Lis Pendens has therefore been cancelled.

**DECISION**

The trial court did not err in cancelling a lis pendens based on a finding that appellant had not proven a sufficient interest in the property.

Affirmed.