877 F.2d 707
 S.B. McLAUGHLIN & COMPANY, LTD., Appellant,
v.
TUDOR OAKS CONDOMINIUM PROJECT, ABIO Holdings (Minnesota),
Inc., John Cochrane, KSCS Properties, Inc., and
John Does 1-5, Appellees.
 No. 88-5424MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1989.
Decided June 15, 1989.
 
 Wood R. Foster, Jr., Minneapolis, Minn., for appellant.
 Ronald D. Alley, St. Paul, Minn., for appellees.
 Before LAY and MARKEY,* Chief Judges, and BEAM, Circuit Judge.
 MARKEY, Chief Judge.
 
 
 1
 S.B. McLaughlin & Company, Ltd. (McLaughlin) appeals from an order of the district court[1] cancelling McLaughlin's notice of lis pendens and enjoining the filing of further such notices. We affirm.
 
 I. BACKGROUND
 
 2
 On June 11, 1987, McLaughlin sued Tudor Oaks Condominium Project, ABIO Holdings (Minnesota), Inc., John Cochrane, KSCS Properties, Inc., and John Does 1-5 (collectively Tudor) alleging that a complex relationship, the details of which are irrelevant on this appeal, gave rise to a constructive trust in McLaughlin's favor. McLaughlin filed a notice of lis pendens and Tudor moved to cancel that notice and to enjoin its refiling.
 
 
 3
 On July 28, 1988, the district court held a hearing at which it indicated that Eighth Circuit standards favored the granting of a temporary restraining order (TRO). See Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 112 (8th Cir.1981). Specifically, the court indicated that likelihood of success on the merits favors Tudor because the mere allegation of a constructive trust does not establish a sufficient "proprietary" interest under Minnesota law to support a notice of lis pendens; there would be irreparable harm to Tudor because the notice impedes borrowing necessary to complete Tudor's condominium property; the balance of hardships favors Tudor because further investment enhances McLaughlin's interest in the property; and the public interest would not be disserved by a grant of Tudor's motion.
 
 
 4
 On August 9, 1988, the district court granted a ten day TRO that cancelled the notice of lis pendens, enjoined further notices of lis pendens or "any other instrument creating a lien, encumbrance, or cloud" on title to the property, and required Tudor to notify the court and McLaughlin in writing before selling or transferring any portion of the property. On August 30, 1989, the court issued a preliminary injunction on the basis of its TRO analysis.
 
 
 5
 Cancellation of a notice of lis pendens being appealable under the collateral order exception to the final judgment rule, Keith v. Bratton, 738 F.2d 314, 316 (8th Cir.1984), McLaughlin appealed, saying the district court abused its discretion because a constructive trust is a sufficient proprietary interest to support a notice of lis pendens, and because Tudor failed to make showings sufficient to support a preliminary injunction.
 
 II. ISSUES
 
 6
 A. Abuse of Discretion in Canceling the Notice
 
 
 7
 Under Minnesota law, a notice of lis pendens may be filed in "actions in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought into question by either party...." Minn.Stat. Sec. 557.02. That statute has been interpreted to require that a party filing the notice claim a "proprietary interest" in the affected land. Painter v. Gunderson, 123 Minn. 342, 143 N.W. 911 (1913).
 
 
 8
 McLaughlin asserts that because its complaint sets forth a basis for declaring a constructive trust, it has a sufficient proprietary interest to support its notice. However, under Minnesota law, a mere claim to a constructive trust is not a sufficient proprietary interest. There must be a court judgment declaring the existence of a constructive trust. In Bly v. Gensmer, 386 N.W.2d 767, 769 (Minn.Ct.App.1986) (quoting Rehnberg v. Minnesota Homes, Inc., 236 Minn. 230, 234, 52 N.W.2d 454, 456 (1952)), the court said:
 
 
 9
 A constructive trust is not, in itself, construed as a lien on or as affecting title to property; it does not exist so as to affect the property held by the wrongdoer until it is declared by a court as a means of affording relief. If the appellants' complaint establishes that they are entitled to a constructive trust on the property, legal title would be held in trust for their benefit. An equitable lien would arise for the enforcement of this trust, thus bringing their cause of action within the lis pendens statute. (emphasis added).
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 The only lien that appellants can hope to have against the property in question is a lien that will be created as a result of the litigation between the parties, not one that has existed as a result of the dealings between the parties. A lien resulting from the ultimate entry of judgment is not a present lien and "provides no basis for the filing of a notice of lis pendens." (citations omitted).
 
 
 13
 See also Mansur v. Eden Prairie Real Estate Inv. Corp., 384 N.W.2d 236, 239 (Minn.Ct.App.1986).
 
 
 14
 McLaughlin misleadingly quotes only the second and third sentences of the above quote from Bly, misdescribing them as the court's "holding". It is unprofessional to argue on the basis of an assumption that the mere presence of an allegation in a complaint "establishes" anything. McLaughlin's reluctance to seek the court declaration of a constructive trust required by Minnesota law, before filing its notice of lis pendens, defies understanding. It further demonstrates that Judge Doty was eminently correct in exercising his discretion to cancel the notice.
 
 
 15
 B. Abuse of Discretion in Issuing the Preliminary Injunction
 
 
 16
 A preliminary injunction was appropriate at this stage of the litigation because cancellation of the notice alone would not have prevented other interference by McLaughlin. Issuance of the injunction, in light of the Dataphase factors, is within the sound discretion of the district court. Airlines Reporting Corp. v. Barry, 825 F.2d 1220, 1227 (8th Cir.1987). We cannot say the district court abused its discretion in its consideration and application of the Dataphase factors.
 
 
 17
 McLaughlin says Tudor did not show a likelihood of success on the merits of whether a constructive trust exists. In so arguing, McLaughlin continues to rely on its assumption that the mere allegations in its complaint constitute the equivalent of a court declaration. McLaughlin's argument to this court on the question of whether there is a constructive trust is both inappropriate and premature. Whether a constructive trust has been created must await trial of that question. The sole question before the district was the propriety of the notice. The district court correctly found that Tudor showed a likelihood of success on that question because a mere allegation of constructive trust cannot support a notice of lis pendens under Minnesota law.
 
 
 18
 Accordingly, we affirm the order of the district court.
 
 
 
 *
 The HONORABLE HOWARD T. MARKEY, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota