**ST. CROIX DEVELOPMENT, LLC, et al., Respondents,**

v.

**Mark David GOSSMAN, et al., Appellants.**

**No. A06–1879.**

Supreme Court of Minnesota.

July 19, 2007.

Steven E. Rau, Hal A. Shillingstad, Jodi F. Colton, Flynn, Gaskins & Bennett, L.L.P., Minneapolis, MN, for Appellants.

Benjamin S. Houge, Benjamin S. Houge Law Offices, Oak Park Heights, MN, for Respondents.

1. Appellants are: Mark David Gossman; Stephanie Rae Gossman; Commercial Equity Partners, Inc.; Tamhills Funding, LLC; Tamhills, LLC; Maple Leaf Holdings, LLC; Pointe

OPINION

PAGE, Justice.

Appellants Mark David Gossman, et al. (collectively, Gossman),[1] filed an application to discharge a notice of lis pendens on Mark Gossman's residence. The district court denied the application, and Gossman appealed. The court of appeals dismissed the appeal, holding that the denial of an application to discharge a notice of lis pendens is not immediately appealable. We granted Gossman's petition for review and, for the reasons discussed below, affirm.

Respondents St. Croix Development, LLC, and Montari Homes, Inc. (collectively, St. Croix), employed Mark Gossman until July 26, 2004. Mark Gossman's employment was governed by a contract that included a non-compete clause. On April 3, 2006, St. Croix filed a complaint alleging breach of contract; breach of fiduciary duty; civil theft; "receiving, possessing, transferring, buying and/or concealing stolen property in violation of Minnesota Statute 609.53;" and "constructive trust/equitable lien" against Gossman. In the complaint, St. Croix alleges that Mark Gossman misrepresented and lied about his credentials to obtain employment with St. Croix, misrepresented and lied about his performance during the course of his employment with St. Croix, and violated the non-compete clause after his employment with St. Croix was terminated. St. Croix seeks, among other relief, reimbursement of compensation paid to Mark Gossman, profits earned in violation of the non-compete clause, and title to Mark

West Holdings One, LLC; Centura Development, Inc.; Office Condos, Inc.; and Washington County Bank N.A.

Gossman's personal residence, which was obtained from St. Croix, apparently as part of Mark Gossman's compensation.

On April 4, 2006, St. Croix filed notices of lis pendens on four commercial properties purchased by Mark Gossman after termination of his employment with St. Croix. St. Croix also filed a notice of lis pendens on Mark Gossman's residence. On July 12, 2006, the district court granted Gossman's application to discharge the notices of lis pendens on the commercial properties. The court also granted Gossman's Rule 12 motion seeking dismissal of St. Croix's constructive trust/equitable lien claim. Claiming that St. Croix had not alleged that it possessed a right to or interest in the residence, Gossman then filed an application to discharge the notice of lis pendens related to the residence. On September 18, 2006, the district court, reasoning that St. Croix had alleged facts sufficient to support an unjust enrichment claim that would give rise to a constructive trust on the residence, denied the application. Gossman appealed to the court of appeals, which, after requesting informal briefing on whether the district court's order was immediately appealable, dismissed the appeal for lack of jurisdiction.

Notices of lis pendens are governed by Minn.Stat. § 557.02 (2006), which reads in relevant part:

[i]n all actions in which the title to, or any interest in or lien upon, real property is involved or affected, or is brought in question by either party, any party thereto * * * may file for record with the county recorder of each county in which any part of the premises lies a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in such county involved, affected or brought in question thereby. From the time of the filing of

such notice * * * the pendency of the action shall be notice to purchasers and encumbrancers of the rights and equities of the party filing the same to the premises.

Accordingly, a notice of lis pendens is "properly filed only if plaintiff pleads a cause of action which involves or affects the title to, or any interest in or a lien upon, specifically described real property." *Rehnberg v. Minnesota Homes,* 236 Minn. 230, 233–34, 52 N.W.2d 454, 456 (1952); *see also Grace Dev. Co. v. Houston,* 306 Minn. 334, 336–37, 237 N.W.2d 73, 75 (1975) (reviewing allegations in complaint to see if notice of lis pendens was justified). A notice of lis pendens should not be filed merely as security for an anticipated money judgment against a litigant—a claim to an interest in the property that pre-exists the lawsuit is necessary. *See Grace Dev. Co.,* 306 Minn. at 336–37, 237 N.W.2d at 75; *Melin v. Mott,* 212 Minn. 517, 518, 4 N.W.2d 600, 601 (1942). A person who buys real property after a notice of lis pendens has been properly filed "takes subject to the final disposition of the pending cause [of action] and is bound by the decision which may be entered against the party from whom [the person] derives his [or her] title, even though he [or she] is not a party to such action." *Marr v. Bradley,* 239 Minn. 503, 510, 59 N.W.2d 331, 335 (1953).

With respect to the discharge of a notice of lis pendens, Minn.Stat. § 557.02 states:

Any party claiming any title or interest in or to the real property involved or affected may on such notice as the court shall in each case prescribe, make application to the district court in the county in which the action is pending or in which the real property involved or affected is situated, for an order discharging the lis pendens of record.[2]

Consequently, by making a proper application, a party may obtain district court review of the validity of a notice of lis pendens.

In *Rehnberg v. Minnesota Homes,* we held that an order *discharging* a notice of lis pendens is immediately appealable. 235 Minn. 558, 558, 49 N.W.2d 196, 197 (1951). The court, citing to Minn.Stat. § 605.09(2) (1945), which at the time authorized appeals from "an order granting or refusing a provisional remedy, or which grants, refuses, dissolves, or refuses to dissolve, an injunction, or an order vacating or sustaining an attachment," reached its holding without further discussion or explanation. *Rehnberg,* 235 Minn. at 558, 49 N.W.2d at 197. Minnesota Statutes § 605.09(2) was repealed in 1974. *See* Act of Apr. 9, 1974, ch. 394, § 11, 1974 Minn. Laws 702, 707. Currently, Minn. R. Civ. App. P. 103.03(b) and (c) include much of the language of the repealed statute, though notably not the phrase "granting or refusing a provisional remedy," which likely provided the basis for the *Rehnberg* court's decision.[3]

We have not previously addressed whether an order *denying* discharge of a notice of lis pendens is immediately appealable. Gossman argues that such an order is immediately appealable either under Minn. R. Civ.App. P. 103.03(g) or under the collateral order doctrine. We conclude that the order denying Gossman's application to discharge the notice of lis pendens is not separate from the merits of the underlying action and is therefore not appealable under either Rule 103.03(g) or the collateral order doctrine.

■ Minnesota Rule of Civil Appellate Procedure 103.03(g) permits an appeal to be taken "except as otherwise provided by statute, from a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding." In this case, the court of appeals held that the order denying the application to discharge the notice of lis pendens on the residence was not immediately appealable under Rule 103.03(g) because the order did not affect a substantial right.

■ We review the construction and application of procedural rules de novo. *See Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 238 (Minn.2002). Here, we conclude that the order denying Gossman's application to discharge the notice of lis pendens was not made in a special proceeding. Therefore, the order is not appealable. "[A] special proceeding is a generic term for a remedy that is not part of the underlying action and that is brought by motion or petition, upon notice, for action by the court independent of the merits of the underlying action." *In re Estate of Janecek,* 610 N.W.2d 638, 642 (Minn.2000); *see also In re Objections and Defenses to Real Property Taxes for the 1980 Assessment,* 320 N.W.2d 729, 731 n. 3 (Minn.1982) (listing "certiorari, contempt, corporate dissolution, garnishment, and receivership" as examples of special proceedings). Further, we have indicated that the existence of a special proceeding "is not dependent upon the existence of any other action and it therefore is not an integral

---

**2.** Minnesota Statutes § 557.02 also provides that a notice of lis pendens "shall be void and of no force nor effect" in the event that the underlying action "has not been brought to trial within two years after the filing of the lis pendens."

**3.** The appealability of an order granting discharge of a notice of lis pendens has not subsequently been questioned by this court, and we have no occasion to do so here.

part of the original action but is separate and apart." *In re GlaxoSmithKline PLC,* 699 N.W.2d 749, 756 (Minn.2005) (quoting *Willeck v. Willeck,* 286 Minn. 553, 554 n. 1, 176 N.W.2d 558, 559 n. 1 (1970)). Accordingly, it is clear that a special proceeding should not resolve matters integral to the merits of the underlying action.

In this case, Gossman seeks to have the notice of lis pendens on the residence discharged on the grounds that the complaint does not properly make out a claim that might entitle St. Croix to recovery of an interest in the residence should St. Croix prevail at trial. In doing so Gossman argues, in accord with our cases reviewing decisions involving notices of lis pendens,[4] that review of the allegations requires application of a standard similar to the standard found in Minn. R. Civ. P. 12.03. That standard tests the legal sufficiency of the pleading while assuming the factual allegations to be true. *Bodah v. Lakeville Motor Express, Inc.,* 663 N.W.2d 550, 553 (Minn.2003). Application of that standard necessarily involves an assessment of the legal merits of the claims alleged. Because an assessment of the order denying Gossman's application to discharge the notice of lis pendens requires consideration of the legal merits of the underlying action, it cannot be said to be "separate and apart" from that action. Accordingly, the order denying Gossman's application to discharge the notice of lis pendens cannot be a special proceeding under Rule 103.03(g).

 The collateral order doctrine permits interlocutory appeals from qualifying district court orders, even if those orders are not identified as immediately appealable by the Rules of Civil Appellate Procedure. *Kastner,* 646 N.W.2d at 240. The collateral order doctrine applies to the " 'small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " *Id.* (quoting *Cohen v. Beneficial Industrial. Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)) (alteration in original). Therefore, the collateral order doctrine applies when the order being appealed (1) conclusively decides the question in dispute, (2) resolves an important issue that is completely separate from the merits of the action, and (3) is in effect unreviewable on appeal from a final judgment. *Id.*

 In holding that an order denying an application to discharge a notice of lis pendens is not appealable under the collateral order doctrine, the court of appeals reasoned that such an order—unlike an order actually discharging notice of a lis pendens, which may affect a litigant's ability to recover an interest in property in the event he or she prevails in the underlying action and which we have held to be appealable—involves only the impairment of the ability to sell property and is not sufficiently important to merit interlocutory appeal. The court also stated that Gossman has "not established that the September 18 order denying the motion to discharge the notice of lis pendens resolves an issue completely separate from the merits of the action."

---

4. *See, e.g., Grace Dev. Co.,* 306 Minn. at 337, 237 N.W.2d at 75 (determining that the "plaintiff's complaint does not set forth" a claim on real property sufficient "to support the filing of a lis pendens"). *But see Rehn-* *berg,* 236 Minn. at 235, 52 N.W.2d at 457 (going beyond review of the legal sufficiency of the complaint to review factual support for the complaint's allegations).

We agree with the court of appeals that Gossman's application to discharge the notice of lis pendens on the residence is not separate from the merits of the underlying action. As discussed above, because review of the legal merits of the underlying action is required in order to determine whether denial of the application was proper in this case, the question presented is not separate from the merits of the action. Therefore, the district court's order denying Gossman's application is not immediately appealable under the collateral order doctrine.

While we conclude that the denial of Gossman's application to discharge the notice of lis pendens on the residence is not immediately appealable, we recognize that a notice of lis pendens may place a significant burden on a property owner. And we realize that the inability to appeal the denial of an application to discharge such a notice may exacerbate that burden. We are also not unmindful that our rules of civil appellate procedure permit the immediate appeal of orders vacating or sustaining attachments, which involve property interests similar to those implicated by notices of lis pendens. *See* Minn. R. Civ. App. P. 103.03(c). Therefore, we refer, to our Advisory Committee on Rules of Civil Appellate Procedure, the question of whether immediate appeal from an order granting or denying an application to discharge a notice of lis pendens should be permitted and, if so, what standards and procedures should govern on appeal.

Affirmed.