## HENRY T. SHEMA AND ANOTHER v. THORPE BROS.[1]

February 27, 1953.

No. 36,022.

*Ryan, Kain & Mikan,* for appellants.

*A. Lyman Beardsley, Robert F. Henson,* and *Morley, Cant, Taylor, Haverstock & Beardsley,* for respondent.

PER CURIAM.

Plaintiffs appeal from an order of the district court granting defendant's motion for summary judgment under Rule 56 of Rules of Civil Procedure. Defendant moves to dismiss the appeal.

Plaintiffs concede that this court's jurisdiction as to appeals is limited to those instances set forth in M. S. A. 605.09. However, they contend that an order for summary judgment is an adjudication of the merits and therefore an appealable order under § 605. 09 (3) which provides that an appeal may be taken:

"From an order involving the merits of the action or some part thereof;"

This court has consistently held that an order is not appealable under § 605.09 (3) unless in effect it finally determines the action or finally determines some positive legal right of the appellant relating thereto. Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, 16 A. L. R. (2d) 1015; Seeling v. Deposit B. & T. Co. 176 Minn. 11, 222 N. W. 295; 1 Dunnell, Dig. (3 ed.) § 298. An order for judgment is not such a final determination. It looks to the entry of

---

[1]Reported in 57 N. W. (2d) 157.

judgment to effectuate it. Rogers v. Holyoke, 14 Minn. 387 (514); County of Renville v. City of Minneapolis, 112 Minn. 487, 128 N. W. 669; Wilson v. Tauer, 147 Minn. 466, 180 N. W. 93; Palmer v. First Minneapolis Trust Co. 179 Minn. 381, 230 N. W. 257, 258; State ex rel. Gresham v. Delaney, 212 Minn. 519, 4 N. W. (2d) 348; 1 Dunnell, Dig. (3 ed.) § 295 and cases cited note 54, § 298 and cases cited note 20, § 309 and cases cited note 11.

Plaintiffs maintain that an appeal from the judgment will not afford them the same scope of review as an appeal from the order for summary judgment. In this, plaintiffs are in error. In determining the proper scope of review on appeal from a judgment, this court looks to the origin of the judgment. See, Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355; Twin City Motor Bus Co. v. Rechtzigel, 229 Minn. 196, 38 N. W. (2d) 825. Moreover, on an appeal from a judgment "any intermediate order involving the merits or necessarily affecting the judgment appealed from" may be reviewed. § 605.09(1).

Rule 56.03 of Rules of Civil Procedure in providing that:

"* * * The *judgment* sought *shall be rendered forthwith* if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Italics supplied.)

contemplates the prompt entry of judgment. If such procedure is followed, all difficulties of appealability vanish. Where, as here, summary judgment is granted on all issues the aggrieved party can have judgment entered promptly and then proceed with his appeal from the judgment. Since we find no compelling reason for changing our appellate practice in this respect, we conclude that an order granting summary judgment is an intermediate order which requires a subsequent judgment to give it effect and is not appealable under § 605.09(3). Cf. St. Louis Amusement Co. v. Paramount Film Distributing Corp. (8 Cir.) 158 F. (2d) 30.

Appeal dismissed.