EARL J. NELSON AND ANOTHER v. B & B INVESTMENT COMPANY, INC., AND OTHERS.

119 N. W. (2d) 713.

January 4, 1963—No. 38,749.

*James B. Lund,* for appellants.
*Richard Siegel, Robins, Davis & Lyons,* and *Robert J. Tweedy,* for respondents.

NELSON, JUSTICE.

Plaintiffs appeal from an order of the District Court of Hennepin County granting defendants' motion for summary judgment under Rule 56, Rules of Civil Procedure. Defendants move to dismiss the appeal.

Rule 56.03 of Rules of Civil Procedure provides in part as follows:

"* * * Judgment shall be rendered forthwith if the pleadings, depositions, * * * and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."

The appeal in the instant case was taken on April 19, 1962, from the order of March 28, 1962, granting the summary judgment.

The clerk's file in Hennepin County District Court indicates that the judgment roll was filed and judgment docketed on April 24, 1962. Service of notice of taxation of costs was admitted by plaintiffs' attorney on April 13, 1962, prior to the entry of judgment.

Where, as here, summary judgment is granted on all issues the aggrieved party may, upon entry of judgment, proceed with his appeal from the judgment.

We have held that this court's jurisdiction as to appeals is limited to those instances set forth in Minn. St. 605.09. We have also held that an order granting summary judgment is an intermediate order which requires a subsequent judgment to give it effect and is not appealable. Shema v. Thorpe Bros. 238 Minn. 470, 57 N. W. (2d) 157.

We have further held that on an appeal from a judgment "any intermediate order involving the merits or necessarily affecting the judgment appealed from" may be reviewed. § 605.09(1); Shema v. Thorpe Bros. *supra.*

No appeal having been taken from the judgment entered April 24, 1962, this court is without jurisdiction to proceed further in the matter and the motion and application for permission that the appeal be heard from the judgment entered must be denied and the appeal dismissed. See, General Elec. Co. v. Anchor Cas. Co. 251 Minn. 305, 87 N. W. (2d) 639, and In re Estate and Guardianships of Williams, 254 Minn. 272, 95 N. W. (2d) 91.

Appeal dismissed.