CHARLES A. SLOWINSKI v. CLARK A. ILSE.

154 N. W. (2d) 819.

December 8, 1967—No. 40,803.

*William R. Ojala,* for appellant.
*Alfred J. Weinberg,* for respondent.

PER CURIAM.

Appellant, Clark A. Ilse, contests the election of respondent, Charles A. Slowinski,[1] to the nonpartisan office of register of deeds of St. Louis County on November 8, 1966.[2] After extended procedures and trial in the District Court of St. Louis County, the court filed its findings of fact, conclusions of law, and order for judgment on February 23, 1967. Judgment was entered on March 10, 1967. On March 6, 1967,—prior to entry of judgment—appellant filed notice of appeal to this court

---

[1] The designation of Slowinski as "contestant" and Ilse as "contestee" results from the initiation of the contest by Slowinski following the original certification of the election results by the county canvassing board, which showed Ilse to be the apparent winner by a margin of 74 votes. However, a recount of votes in the Town of Stuntz reversed the result and showed Slowinski the winner by a margin of 73 votes. Slowinski thereupon abandoned his contest and Ilse continued the proceedings in the posture of contestant.

[2] Neither party pressed for an earlier setting of the case in this court.

"from the findings of fact, conclusions of law and Order of the said District Court dated February 23, 1967, and February 16, 1967."[3]

We hold that the appeal must be dismissed because findings of fact, conclusions of law, and orders for judgment are not appealable orders.[4] Minn. St. 209.09 provides:

"When an appeal is taken to the supreme court from the determination of the district court in any contest instituted under this chapter, the party appealing shall file in the district court a bond in such sum, not less than $500, and with such sureties, as shall be approved by the judge, conditioned for the payment of all costs incurred by the respondent in case appellant fails on his appeal. The notice of appeal shall be served and filed no later than ten days in case of a general election and no later than five days in case of a primary election after the entry of the determination of the district court in the contest. The return of such appeal shall be made, certified, and filed in the supreme court as soon as practicable and in any event within 15 days after service of notice of appeal. The appeal may be brought on for hearing in the court at any time when it is in session, upon such notice from either party, as the court may determine which notice may be served during term time or in vacation; and it may be heard and determined summarily by the court."

This construction comports with actual practice in prior election contest cases and with the provision of § 209.04 that "[t]he matter shall be tried by the court in the manner provided for the trial of civil actions so far as practicable." The order for judgment filed by the district court itself disclosed that entry of judgment was contemplated as the final determination.

Appeal dismissed.

---

[3] This prior order related to a part of the contest and is incorporated in the order of February 23, 1967.

[4] See, Minn. St. 605.09(a) and (h); Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 315, 331 to 332, 351 to 359; Minnesota Power & Light Co. v. Carlton County, 275 Minn. 101, 102 (footnote 1), 145 N. W. (2d) 68, 70 (footnote 1); Shema v. Thorpe Bros. 238 Minn. 470, 57 N. W. (2d) 157.