STEPHEN B. LeROY AND OTHERS v.
FIGURE SKATING CLUB OF MINNEAPOLIS.

162 N. W. (2d) 248.

October 25, 1968—No. 41,349.

*Graham & Gerberding* and *Maurice W. Graham*, for appellants.
*Harvey E. Skaar,* for respondent.

PER CURIAM.

Defendant moves to dismiss plaintiffs' appeal from an order denying their motion "for an amendment of an Order of [the trial court] denying a temporary injunction and granting [defendant's] Counter-Motion for summary judgment."

On December 20, 1967, the court, in response to the pretrial motions of both plaintiffs and defendant, granted defendant's motion for summary judgment. Following a 20-day stay, judgment dismissing plaintiffs' complaint was entered on January 17, 1968. Plaintiffs did not receive notice of the entry of judgment and did not have knowledge thereof for several months. Their motion to amend the order granting summary judgment was heard January 23 and denied February 16. By service on March 4 of a notice of appeal from this order, plaintiffs seek appellate review of the dismissal of their action. No appeal was taken from the judgment, the time to appeal from which has now passed under Rule 104.01, Rules of Civil Appellate Procedure.

Plaintiffs have no appeal as of right from the postjudgment order of February 16. Although the order of December 20 refusing an injunction was appealable as of right under Rule 103.03(b), plaintiffs perfected no appeal from it but chose to appeal from the February 16 order, which in effect denied their motion to vacate the order of December 20. An order denying a motion to vacate an appealable order is not appealable of right. City of Chaska v. Chaska Township, 271 Minn. 139, 135 N. W. (2d) 195; Tryggeseth v. Norcross, 262 Minn. 440, 115 N. W. (2d) 56; Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44. See, generally, Note, 51 Minn. L. Rev. 115.

It is equally clear that the February 16 order is not appealable under Rule 103.03(d) providing for an appeal as of right "[f]rom an order involving the merits of the action or some part thereof." An order granting summary judgment is not appealable since it looks to the entry of judgment to effectuate it. Nelson v. B & B Investment Co. Inc. 264 Minn. 393, 119 N. W. (2d) 713. An appeal from such disposition must be taken from the judgment itself under Rule 103.03(a). Shema v. Thorpe Bros. 238 Minn. 470, 57 N. W. (2d) 157. Under the general rule rendering nonappealable an order denying a motion to vacate a nonappealable order, Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638, an order denying a motion to vacate the order granting summary judgment is also not appealable. Indeed, an order denying a motion to vacate a judgment, whether summary or otherwise, is not appealable of right. See, LaFond v. Sczepanski, 273 Minn. 293, 141 N. W. (2d) 485.

The fact that plaintiffs never received notice of the entry of judgment as provided by Rule 77.04, Rules of Civil Procedure, does not extend the time to appeal from the judgment. Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423. Since the postjudgment order of February 16 is not appealable of right, the rule of Honeymead Products Co. v. Aetna Cas. & Surety Co. 270 Minn. 147, 132 N. W. (2d) 741, permitting an appeal of right from an order denying a new trial made subsequent to the entry of judgment and after the time to appeal therefrom has expired has no application.

Appeal dismissed.