## S. S. COHEN AND ANOTHER v. GLOBE BUSINESS SALES, INC.

166 N. W. (2d) 704.

February 28, 1969—No. 41368.

*Haugen & Quello and Allan T. Quello,* for appellant.
*Wellington Tully, Jr.,* for respondents.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

---

PER CURIAM.

Plaintiffs move to dismiss defendant's appeal from an order of the Hennepin County Municipal Court dated February 9, 1968. The notice of appeal inaccurately describes this order as one "denying defendant's motion for vacation of Judgment" and also inaccurately states "the Judgment [was] entered on February 4, 1968."

On January 4, 1968, the court entered an order granting plaintiffs' motion for summary judgment. Before judgment was entered, defendant moved for "vacation of the Judgment rendered January 4, 1968." On February 9, 1968, the court denied this motion. Defendant's notice of appeal dated February 16, 1968, was served on plaintiffs' counsel on February 19, 1968. As of that time, no judgment had been entered. Thereafter, on March 12, 1968, judgment was entered in favor of plaintiffs against defendant.

We construe the appeal as being one from an order denying a motion to vacate an order granting summary judgment. As such, the appeal is from a nonappealable order. An order granting summary judgment is not appealable as of right since it is not a final order. Shema v. Thorpe Bros. 238 Minn. 470, 57 N. W. (2d) 157. Under the general rule rendering nonappealable an order denying a motion to vacate a nonappealable order, Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638, there is no right to appeal from an order denying a motion to vacate an order granting summary judgment. LeRoy v. Figure Skating Club of Minneapolis, 281 Minn. 576, 162 N. W. (2d) 248.

We cannot treat the notice of appeal as being from the judgment thereafter entered. As of February 19, 1968, when the appeal was taken, no judgment had been entered. Welch v. Welch, 267 Minn. 558, 127 N. W. (2d) 438. It is now too late for defendant to perfect a proper appeal. Over 90 days have elapsed since the judgment was entered. No appeal having been perfected from the judgment since its entry, this court does not have jurisdiction to permit a proper appeal to be completed.

Appeal dismissed.