THE TRAVELERS INSURANCE COMPANY AND OTHERS v.
T. EUGENE THOMPSON AND OTHERS.
DOUGLAS HEAD, ATTORNEY GENERAL, ADDITIONAL
SPECIAL RESPONDENT.

184 N. W. (2d) 430.

February 12, 1971—No. 42457.

*T. Eugene Thompson,* pro se, for appellant.

*Richard E. Kyle, Samuel L. Hanson, Briggs & Morgan,* and *Michael J. Baglio,* for respondent The Travelers Insurance Company.

*James H. Geraghty* and *Altman, Geraghty, Leonard & Mulally,* for respondents Continental Casualty Company, Time Insurance Company, and General Accident, Fire & Life Assurance Corporation, Ltd.

*O. C. Adamson II, A. W. Nelson,* and *Meagher, Geer, Markham & Anderson,* for respondents Lloyds, London.

*Mordaunt, Walstad, Cousineau & McGuire* and *F. Robert Kolacke,* for respondent Zurich Insurance Company.

PER CURIAM.

Appeal from various orders and from a final judgment entered against appellant, T. Eugene Thompson. The only effective appeal is from the judgment, which we affirm.

The matters before the court which give rise to this appeal have been the subject of continuing litigation for the past 7 years. The basic dispute concerns the liability of several insurance companies to appellant for the proceeds of accidental death and term life insurance policies issued on the life of Carol S. Thompson, appellant's deceased wife, for whose death he was tried and convicted of murder in 1963. In 1964, after appellant's conviction, declaratory judgment actions were filed in all cases involving said insurance policies, and on April 19, 1967, a motion for summary judgment against appellant was denied. Upon a certified appeal to this court, we reversed and ordered entry of summary judgment. The Travelers Ins. Co. v. Thompson, 281 Minn. 547, 163 N. W. (2d) 289. Appellant's petition for rehearing was denied on January 14, 1969. A subsequent appeal to the United States Supreme Court was denied for want of jurisdiction. Thompson v. Travelers Ins. Co. 395 U. S. 161, 89 S. Ct. 1647, 23 L. ed. (2d) 175. Thereafter, on January 13, 1970, proceedings were resumed in the district court. Appellant moved to vacate this court's mandate directing the entry of summary judgment, and both appellant and the insurance companies moved for summary judgment in their favor. When judgment was entered, appellant moved to vacate it. All of appellant's motions were denied and the district court ordered entry of summary judgment.

The basic facts in the criminal proceeding against appellant and in this dispute concerning the liability of the insurance companies are set out in detail in State v. Thompson, 273 Minn. 1, 139 N. W. (2d) 490, certiorari denied, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. (2d) 56, and The Travelers Ins. Co. v. Thompson, *supra,* and need not be repeated here.

The orders in question are all nonappealable,[1] and only the final judgment entered pursuant to the mandate issued by this court is subject to review by this court.

Our prior decision resolved the determinative issue that appellant's conviction of murder is conclusive so as to bar his claim as a beneficiary to the proceeds of the insurance policies. Appellant now raises issues which were not before the court in that case. Matters which could have been raised on a prior appeal but were not are reviewable within the discretion of this court. Lange v. Nelson-Ryan Flight Service, Inc. 263 Minn. 152, 116 N. W. (2d) 266, certiorari denied, 371 U. S. 953, 83 S. Ct. 508, 9 L. ed. (2d) 500.

Contrary to appellant's contention, we hold that the mandate ordering summary judgment did not violate Minn. St. 631.471[2] by forfeiting property rights he had as owner and beneficiary of the policies for the reason that it is not the conviction of murder which bars appellant's claims against the insurance companies but the fact of the murder which gave rise to the conviction. Appellant's felonious act defeats what interest he might have had in the proceeds from the insurance policies. Vesey v. Vesey, 237 Minn. 295, 54 N. W. (2d) 385; Mutual Life Ins. Co. of New York v. Armstrong, 117 U. S. 591, 6 S. Ct. 877, 29 L. ed. 997. Furthermore, no constitutional violation of appellant's contractual rights is found because there is no forfeiture within the meaning of § 631.471 and no unconstitutional application of § 525.87, which prevents a beneficiary who "takes or causes or procures to be taken the life" of an insured from obtaining the proceeds of any policy of insurance "payable upon the death" of the insured. These statutes were by implication of law a part of the insurance contracts and the latter statute merely prevents the wrongdoer from profiting by his crime by disallowing his wrongful *acquisition* of property, which property in these actions consists solely of proceeds from life insurance policies having no cash

[1] Cohen v. Globe Business Sales, Inc. 282 Minn. 540, 166 N. W. (2d) 704; LeRoy v. Figure Skating Club of Minneapolis, 281 Minn. 576, 162 N. W. (2d) 248.

[2] Minn. St. 631.471 provides: "Every convict sentenced to imprisonment shall be under the protection of the law, and any unauthorized injury to his person is punishable in the same manner as if he were not convicted or sentenced. A conviction for any crime does not work a forfeiture of any property, real or personal, or of any right or interest therein. All forfeitures in the nature of deodands, or in a case of suicide, or where a person flees from justice, are abolished."

value, payable upon the insured's accidental or natural death. Marshall Produce Co. v. St. Paul Fire & Marine Ins. Co. 256 Minn. 404, 98 N. W. (2d) 280; 4 Dunnell, Dig. (3 ed.) § 1818; Wade, *Acquisition of Property by Wilfully Killing Another—A Statutory Solution,* 49 Harv. L. Rev. 1715.

Affirmed.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.