JOHNSON & PETERSON, INC. v. THOMAS J. TOOHEY
AND OTHERS.
JOHN W. LUND, APPELLANT.

184 N. W. (2d) 586.

February 26, 1971—No. 42443.

*Bernard M. Harroun,* for appellant.
*Swanson & Prueter* and *John L. Prueter,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Rosengren, JJ.

NELSON, JUSTICE.

Appeal from an order of the District Court of Carver County denying the motion of defendant-appellant, John W. Lund, for the production of documents and from an order granting the motion of defendants-respondents, Thomas J. and Gloria Toohey, for summary judgment.

This case, which was originally one to foreclose a mechanics lien, was appealed to this court for the first time in 1968. Johnson & Peterson, Inc. v. Toohey, 285 Minn. 181, 172 N. W. (2d) 326. The issues on that appeal were whether defendant Lund's materialman's lien was timely filed against property owned by the Tooheys and whether the general contractor, who had requested labor and material from Lund to construct a house for the Tooheys, was their agent, thereby rendering them liable to Lund for labor and material supplied. This court affirmed the lower court's finding that Lund's materialman's lien was not timely filed but reversed the trial court's finding that the services and materials furnished by Lund were supplied at the request of the general contractor acting as agent for the owners. We held that an owner of real estate is not liable for materials furnished a contractor where the owner is not a party to the contract between the contractor and subcontractor or materialman; and that the owner's consent to the making of an improvement does not of itself impose on him any personal liability, nor does the fact that he benefits therefrom impart contractual liability. We also stated that we found no evidence which would establish an express agency, nor any facts and inferences which might establish the existence of an agency between Lund and the Tooheys from the evidence as a whole. However, we granted a new trial on the issue of the owners' personal liability.

After that opinion was handed down, Lund moved the district court for an order compelling the Tooheys to produce documents which he claims would show that the general contractor, Suburban Equipment Company, was acting as the Tooheys' agent in the construction of their home. The Tooheys thereupon moved

for summary judgment under Rule 56, Rules of Civil Procedure, alleging that there was no genuine issue as to any material fact. The trial court, after receiving affidavits and hearing arguments on both motions, denied Lund's motion for the production of documents and granted the Tooheys' motion for summary judgment. This appeal followed.

■ We do not proceed to the merits of the appeal. Rule 103.03, Rules of Civil Appellate Procedure, lists those orders from which an appeal may be taken to the supreme court. Appellant has failed to perfect appeals from orders which were appealable.

This court held in Nelson v. B & B Investment Co. Inc. 264 Minn. 393, 119 N. W. (2d) 713, that an order granting a motion for summary judgment is an intermediate order and not appealable under Minn. St. 605.09 (superseded by the substantially identical Rule 103.03, Rules of Civil Appellate Procedure). In that case we stated (264 Minn. 394, 119 N. W. [2d] 713):

"We have held that this court's jurisdiction as to appeals is limited to those instances set forth in Minn. St. 605.09. We have also held that an order granting summary judgment is an intermediate order which requires a subsequent judgment to give it effect and is not appealable. Shema v. Thorpe Bros. 238 Minn. 470, 57 N. W. (2d) 157."

See, also, Crum v. Anchor Cas. Co. 264 Minn. 378, 119 N. W. (2d) 703; In re Estate and Guardianships of Williams, 254 Minn. 272, 95 N. W. (2d) 91.[1]

■ Likewise, the order denying appellant's motion to compel production of documents is an intermediate order and may not be reviewed on appeal except when the appeal is taken from a

---

[1] However, we have held an order denying summary judgment appealable under Rule 103.03(i), Rules of Civil Appellate Procedure, if the trial court certifies that the question presented is important and doubtful. The Travelers Ins. Co. v. Thompson, 281 Minn. 547, 163 N. W. (2d) 289, appeal dismissed, 395 U. S. 161, 89 S. Ct. 1647, 23 L. ed. (2d) 175; In re Estate and Guardianships of Williams, 254 Minn. 272, 95 N. W. (2d) 91.

final judgment. Asplund v. Brown, 203 Minn. 571, 282 N. W. 473; In re Trusteeship Under Will of Melgaard, 187 Minn. 632, 246 N. W. 478; In re Estate and Guardianships of Williams, *supra*.

Appeal dismissed.