**Walter V. NELSON, d.b.a. W.V. Nelson Construction, et al., Appellants,**

**v.**

**George N. NELSON, individually and George N. Nelson Associates, Respondents.**

**No. C4–87–1014.**

Court of Appeals of Minnesota.

Nov. 24, 1987.

HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant, Walter V. Nelson, purchased parcels of real property from respondent, George N. Nelson, on a contract for deed, and built homes on two of the parcels. One home was sold. Appellant subsequently defaulted on contract payments and was served with notice of cancellation. He then filed a mechanics' lien and notice of lis pendens against the improved lot and brought a mechanics' lien foreclosure action and an unjust enrichment action against respondent. The trial court granted a partial summary judgment in favor of respondent on the mechanics' lien foreclosure action and ordered the notice of lis pendens to be discharged. We affirm.

## FACTS

Appellant purchased ten lots from respondent by contract for deed dated January 24, 1984. Respondent drafted the contract using the Minnesota Uniform Conveyancing Blank. Several additional clauses were added to the contract blank. Clause 6 gave appellant express permission to build upon the lots and added:

> [Appellant] shall be permitted to commence construction before payment in full. * * * [Appellant] shall hold the [respondent] harmless from any claim for labor, materials, services, etc., in reference to said construction.

Clause 11, inserted in longhand and initialed by the parties, provided that the agreement was "subject to approval by buyer's attorney."

Respondent received a $10,000 down payment when the contract was signed. Appellant agreed to pay $106,800 either on January 23, 1985, or upon completion and sale of the units built upon the land. Upon such payment, respondent was to convey the land to appellant by warranty deed.

Appellant completed two homes on lots 7 and 8. After he sold lot 7, appellant paid respondent the agreed price. However, ap-

Dale C. Nathan, Eagan, for appellants.

Keith J. Broady, Abdo and Abdo, P.A., Minneapolis, for respondents.

Considered and decided by SEDGWICK, P.J., and PARKER and

pellant could sell neither the home on lot 8 nor the other lots which were subject to the contract for deed. Consequently, appellant was unable to pay the remainder of the contract price, and on May 8, 1985, respondent served appellant with a notice of cancellation of the contract for deed. In response, appellant served a mechanics' lien statement claiming a mechanics' lien on lot 8. When appellant did not cure the alleged defaults specified in the cancellation notice, the contract for deed and appellant's vendee interest were terminated. On November 27, 1985, appellant filed a notice of lis pendens based upon a mechanics' lien on lot 8.

Subsequently, on December 3, 1985, appellant filed a summons and complaint seeking foreclosure of the mechanics' lien and asserting a claim for unjust enrichment against respondent. On August 27, 1986, respondent brought a motion for partial summary judgment to dismiss appellant's mechanics' lien foreclosure action and to discharge the notice of lis pendens. The motion was denied by order dated January 14, 1987.

Respondent immediately brought a motion to vacate the order alleging that the summary judgment was improperly granted. After a telephone conference with the court on February 13, 1987, the order was vacated. Respondent's motion for partial summary judgment was granted on May 8, 1987.

The trial court dismissed the mechanics' lien foreclosure action but delayed entry of the judgment until further directive. In addition, appellant was ordered to immediately discharge the notice of lis pendens.

Walter Nelson filed this appeal from the order on May 22, 1987. The partial summary judgment was entered on May 26, 1987.

## ISSUES

1. Is an order discharging a notice of lis pendens an appealable order?

2. Was the notice of lis pendens properly discharged?

## ANALYSIS

### I.

■■ This appeal was filed on May 22, 1987, four days before the judgment was entered on May 26, 1987. An order granting summary judgment is an intermediate order requiring a subsequent judgment to give it effect and is not appealable. *Johnson and Peterson, Inc. v. Toohey*, 289 Minn. 362, 184 N.W.2d 586 (1971).

The trial court entered a partial summary judgment and did not include the words "there is no just reason for delay." Minn. R.Civ.App.P. 104.01. This court may not review a partial summary judgment until the litigation is completed. Thus, the May 8, 1987, order can only be reviewed if an order discharging a notice of lis pendens is appealable.

Appellant relies on *Rehnberg v. Minnesota Homes, Inc.*, 235 Minn. 558, 49 N.W. 2d 196 (1951) for the proposition that the order is appealable. However, respondent argues that *Rehnberg* is no longer good law because it was decided on language from Minn.Stat. § 605.09(2) which was repealed in 1974. Respondent claims that *Rehnberg* was based upon the words "granting or refusing a provisional remedy," excluded from Minn.R.Civ.App.P. 103.-03(b) and (c) which replaced section 605.-09(2).

Examination of *Rehnberg* reveals no basis for respondent's claim. Furthermore, within one year after the repeal of section 605.09(2), the supreme court cited *Rehnberg* and stated that an order canceling a notice of lis pendens was appealable. *Grace Development Company, Inc. v. Houston*, 306 Minn. 334, 335, 237 N.W.2d 73, 74–75 (1975). This court has also cited the *Rehnberg* rule in *Bly v. Gensmer*, 386 N.W.2d 767, 768 n. 1 (Minn.Ct.App.1986) and more recently followed *Rhenberg* in *Van Thuy Tran v. Estate of Ditzler*, 411 N.W.2d 6, 7 (Minn.Ct.App.1987). This court, therefore, has the authority to review the order discharging the notice of lis pendens.

Meaningful review of the ordered discharge cannot be conducted without review

of the order dismissing the foreclosure action. The two orders are clearly linked because the discharge of the notice of lis pendens was based on the trial court's determination that the mechanics' lien was invalid. We may, therefore, review the order dismissing the mechanics' lien foreclosure action pursuant to Minn.R.Civ.App. P. 103.04.

## II.

Upon review of a summary judgment, this court must determine whether there were any genuine issues of material fact, and whether the trial court erred as a matter of law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn. 1979). The parties agree that there is no genuine issue of material fact. Thus, the sole question before us is whether the court erred as a matter of law.

The trial court held that the mechanics' lien on lot 8 was invalid on the basis that appellant could not file a mechanics' lien on property he owned.[1] It is unclear whether appellant claims on appeal that a lien can in fact be filed against the property one owns, or whether his sole argument is that he did not own the subject property. We shall address both issues.

There appears to be no Minnesota case which directly speaks to whether a party may file a mechanics' lien against his own property. Respondent relies on *City of Litchfield v. Ballou,* 114 U.S. 190, 5 S.Ct. 820, 29 L.Ed. 132 (1885), to support the proposition that he cannot file such a lien. In *Ballou,* the United States Supreme Court stated:

A lien of a person on his own property, which is and has always been his, in favor of himself, is a novelty which only the necessities of this case could suggest.

*Id.* at 195, 5 S.Ct. at 823. The Michigan and Iowa supreme courts have adopted this premise. *See Wiltse v. Schaeffer,* 327

Mich. 272, 285, 42 N.W.2d 91, 96 (1950); and *Federal Land Bank of Omaha v. Boese,* 373 N.W.2d 118, 121 (Iowa 1985).

Furthermore, a review of the language used in the mechanics' lien statute indicates that the legislature intended to provide a remedy for a person who had not received full payment for improvements carried out on land owned by another. The relevant section provides that:

Whoever performs engineering * * * services with respect to real estate, or contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery * * * whether under contract with the owner of such real estate or at the instance of any agent, trustee, contractor or subcontractor of such owner, shall have a lien upon the improvement, and upon the land on which it is situated * * *.

Minn.Stat. § 514.01 (1984).

We note with approval the reasoning of the Iowa supreme court that:

[A]n essential element in establishing a lien is showing a debt or an obligation of the landowner. This element cannot be satisfied when a property owner claims a lien on his own real estate because an owner cannot owe himself a debt.

*Boese,* 373 N.W.2d at 121. We hold, therefore, that the only reasonable interpretation of section 514.01 is that it precludes the filing of a mechanics' lien by an owner upon his own property.

Appellant argues also that he was not in fact the owner of the land either at the time it was improved or when the mechanics' lien was filed. The trial court determined that appellant was the equitable owner of the lots at the time the land was improved, and we agree.

The status of the parties to a contract for deed was discussed in *Summers v. Midland Co.,* 167 Minn. 453, 209 N.W. 323 (1926). In that case, the supreme court held:

---

1. Although the issue was not raised, it appears that the mechanics' lien was in direct conflict with the contract. We note that under the contract terms appellant agreed that all improvements to the land belonged to respondent in the event appellant defaulted on the contract. Appellant does not claim that he was misled at the time of the contract nor does he claim that the improvements were required by respondent.

The vendor holds the legal title merely as security for the payment of the purchase price. He has a lien thereon for his claim. * * * The vendee is the equitable and substantial owner subject only to the payment of the balance of the purchase price. Possession is important. He cannot be ousted by the vendor in the absence of default. * * * The vendor holds the title in trust for the vendee.

*Summers,* 167 Minn. at 455, 209 N.W. at 323–24. *See also Gilbert Builders, Inc. v. Community Bank of DePere,* 407 N.W.2d 706, 708 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Aug. 19, 1987).

Appellant next argues that even if he was the owner of the land at the time of improvement, he was not the owner at the time the mechanics' lien was filed because the notice of cancellation had been served upon him. We cannot agree.

The purpose of the cancellation procedure was to give appellant notice of the impending cancellation and a reasonable amount of time to redeem his interest. *Conley v. Downing,* 321 N.W.2d 36, 39 (Minn.1982). Appellant's equitable interest in the land was not extinguished when the cancellation notice was served but only when termination of the contract was effected by the court. *Gilbert,* 407 N.W.2d at 708.

Finally, appellant contends that the lis pendens should not have been ordered discharged. The purpose of a lis pendens is to warn prospective purchasers that title to property is in litigation which impedes a property owner's right to free alienability of real estate. *Bly,* 386 N.W.2d at 769. For a lis pendens to be effectual, the right or interest acquired prior to filing the notice of lis pendens must be enforceable. *Marr v. Bradley,* 239 Minn. 503, 510, 59 N.W.2d 331, 335 (1953).

In view of our determination that respondent's filing of a mechanics' lien upon the subject property was invalid, it follows that the trial court's discharge of the lis pendens was proper. A lis pendens which is filed in an action "not of the authorized class" may be canceled on a motion. *Jos-*

*lyn v. Schwend,* 89 Minn. 71, 75, 93 N.W. 705, 706 (1903).

## DECISION

The mechanics' lien filed after notice of cancellation of a contract for deed upon improvements made by appellant during the existence of the contract was invalid. The notice of lis pendens filed on the basis of the invalid mechanics' lien was, therefore, properly discharged.

Affirmed.