**Robert D. JADER and Saber Systems, Inc., Plaintiffs,**

**v.**

**PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, formerly known as The Bankers Life, Defendant.**

**Civ. No. 4–87–574.**

United States District Court, D. Minnesota, Fourth Division.

Jan. 3, 1989.

Richard Newgren, Bloomington, Minn., for plaintiffs.

Timothy E. Branson, Dorsey & Whitney, Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Robert Jader and Saber Systems, Inc., seek payment of benefits from defendant Principal Mutual Life Insurance Company (Principal) under a group comprehensive medical insurance policy. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1332. Now before this court are several appeals and Principal's motion for summary judgment and judgment on the pleadings.

Jader was injured in an automobile accident on August 20, 1985. His no-fault automobile insurer, American Family Insurance Co., paid him $60,000 in benefits to cover part of his medical expenses. Jader was also insured by Principal under a group comprehensive medical insurance policy through his employer, Saber Systems. Principal refused to pay Jader for the medical expenses that had already been covered by American Family. It based its refusal on a provision in its policy coordinating benefits with Jader's no-fault auto insurance. Principal did pay benefits for Jader's remaining medical expenses with the exception of a $4,500 claim for dental benefits which it asserted were not covered by the policy.

On May 28, 1987, plaintiffs filed this action in Minnesota state court seeking $4,500 for the dental benefits claim and $59,000 for the coordinated medical expenses claim.[1] Principal removed the suit to this court alleging diversity and federal question jurisdiction. Plaintiffs subsequently amended their complaint but did not make any additional claims.

Principal has appealed from two orders issued by United States Magistrate Bernard P. Becker on February 29, 1988. It appeals from the portion of the first order (paragraphs 1 and 2) which required Principal to respond to interrogatories and document requests and to make some of its employees available for depositions. Principal appeals from the entire second February 29 order which determined that certain documents were not protected by the attorney-client privilege.

Principal and plaintiffs have each appealed from part of an order issued by Magistrate Becker on March 18, 1988. That order denied Principal's motion to strike plaintiffs' demand for a jury trial on the $59,000 claim. Principal appeals this partial denial of its motion. Plaintiffs appeal the portion of the order denying their request for a jury trial on the $4,500 claim. Plaintiffs also appeal the order to the extent it granted them a jury trial on the $59,000 claim "only because the action arises under Minnesota statutes" and not because the seventh amendment and other provisions require it.

1. The $1,000 discrepancy between American Family's $60,000 coverage and plaintiffs' $59,-000 claim against Principal apparently is due to an applicable deductible amount.

Principal has also moved for partial summary judgment on Jader's $59,000 claim and for judgment on the pleadings dismissing Saber Systems as a plaintiff. This motion was argued before Magistrate Becker, who issued a Report and Recommendation which recommends that Principal's motion for summary judgment be denied. Principal objects to the Report and Recommendation, and plaintiffs object to one statement in it which they assert mischaracterizes their position.

Two different standards of review apply to these questions. The court will not overturn any portion of the magistrate's orders unless it is found to be clearly erroneous or contrary to law. Principal's motion for summary judgment and judgment on the pleadings, however, must be reviewed de novo.

*Motion for Summary Judgment*

■ Principal's motion for summary judgment is directed only at Jader's $59,000 claim. On a motion for summary judgment, all material facts and inferences are construed in favor of the nonmoving party. *Agristor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). To defeat the motion for summary judgment, Jader must show that there are specific material facts in dispute creating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The facts surrounding Jader's $59,000 claim are largely undisputed. The central question is whether, as a matter of law, the claim is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461.

Jader's claim is based on Minn.Stat. § 65B.61(3) (1986).[2] The statute allows insurers to coordinate benefits with their insureds' no-fault auto insurance, but to do

so they must reduce their premium rates to pass on the savings to the insureds. Jader contends that Principal has not reduced its premium rate appropriately and is not entitled to coordinate its benefits with the $60,000 Jader recovered from American Family.

Principal argues that the coordination statute does not create a private cause of action. It contends that the statute is solely regulatory and that suits by policyholders to enforce the statute would be inconsistent with Minnesota's regulatory framework. Principal also argues that Jader's claim under the statute is preempted by ERISA. It asserts that Jader's policy is an "Employee Benefit Plan" governed by ERISA and that ERISA preempts all private causes of action created by state statutes.

Jader responds that he is not suing under § 65B.61(3). Instead, he contends that his claim is a contract action to enforce the terms of the policy. He notes that under Minnesota common law, provisions of statutes become part of the insurance contract by operation of law. *See, e.g., Travelers Ins. Co. v. Thompson*, 289 Minn. 513, 184 N.W.2d 430, 432 (1971). He argues that Principal's contentions concerning the creation of private causes of action through § 65B.61(3) and the preemption of such statutory actions are inapposite since his is a common law contract claim.

All state causes of action for the recovery of ERISA-plan benefits are preempted, whether they are created by a state statute or arise under state common law. The Supreme Court has stated that the federal remedies provided at 29 U.S.C. § 1132 are the exclusive means for an insured to recover benefits from an ERISA plan. *Pilot*

---

**2.** The statute provides:

Any legal entity, other than a reparation obligor obligated to pay benefits under a plan of reparation security or an insurer or employer obligated to pay benefits under a workers' compensation law, may coordinate any benefits it is obligated to pay for loss incurred as a result of injury arising out of the maintenance or use of a motor vehicle with basic economic loss benefits. No entity may coordinate benefits pursuant to this subdivision,

unless it provides an appropriately reduced premium rate. The amount of this rate reduction shall be not less than the amount of the projected reduction in benefits and claims for which the entity will be liable on that class of risks, less the additional reasonable expenses incurred to administer the plan coordinating benefits. The projected reduction in benefits and claims shall be based upon sound actuarial principles.

*Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1556–57, 95 L.Ed.2d 39 (1987) ("ERISA's civil enforcement remedies were intended to be exclusive."). It concluded that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* 107 S.Ct. at 1556. The Eighth Circuit has applied *Pilot Life*'s broad preemption standard to state statutory and common law causes of action alike. *In re Life Ins. Co. of N. Am.,* 857 F.2d 1190, 1194 (8th Cir. 1988) (claim under Missouri's vexatious refusal to pay insurance benefits statute preempted); *Anderson v. John Morrell & Co.,* 830 F.2d 872, 875 (8th Cir.1987) (state contract action to recover benefits under the terms of the plans "clearly preempted").

Jader's $59,000 claim is a state claim preempted by ERISA. Jader does not dispute that the policy is governed by ERISA. Accordingly, his claims for benefits under the policy must be made pursuant to 29 U.S.C. § 1132.[3] In his March 18, 1988 order, Magistrate Becker interpreted plaintiffs' $4,500 claim as one made pursuant to § 1132(a)(1)(B). Jader contends that his $59,000 claim is also made "to recover benefits due to him under the terms of his plan" pursuant to § 1132(a). His claim can not be so construed. It is based on Minnesota common law of contracts and a Minnesota statute. This hybrid claim is a state action for ERISA-plan benefits and is preempted by the civil enforcement provisions of ERISA. Principal's motion for summary judgment on the $59,000 claim should therefore be granted.[4]

*Motion for Judgment on the Pleadings*

Principal has moved to dismiss Saber Systems' claims with prejudice pursuant to Fed.R.Civ.P. 12(c). It contends that Saber Systems has no standing to seek the recovery of insurance proceeds allegedly owed to Jader. Saber Systems has not responded to this motion, and the pleadings do not reflect any claim Saber Systems has against Principal. The motion to dismiss Saber Systems' claim should be granted.

*Appeals of the February 19, 1988 Orders*

Principal appealed from the portions of Magistrate Becker's first February 29, 1988 order which denied Principal's motion to stay certain discovery proceedings pending its summary judgment motion. The discovery proceedings were stayed, however, pending this appeal. Since the summary judgment motion has now been decided, Principal's appeal on this issue is entirely moot.

Principal also appealed from the magistrate's second February 29, 1988 order which held that certain documents were not protected by the attorney-client privilege. Principal has not made any argument in support of this appeal. It has failed to show the order to be clearly erroneous or contrary to law, so it should be affirmed.

*Appeals of the March 18, 1988 Order*

Principal appealed from the portion of Magistrate Becker's March 18, 1988 order denying its motion to strike plaintiffs' demand for a jury trial on their $59,000 claim. This appeal is moot since the $59,000 claim will be dismissed.

Plaintiffs appealed from the March 18, 1988 order on two grounds. They appealed the denial of their request for a jury trial on the $4,500 claim, and they appealed the magistrate's decision granting a jury trial on the $59,000 claim to the extent the decision was based only on the state statutory nature of the claim. The plaintiffs' appeal was not timely made. Local Rule 16(B)(2) provides that such appeals should

---

3. Section 1132(a) provides:
    A civil action may be brought—
    (1) by a participant or beneficiary—

    .    .    .    .    .

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

4. The court does not reach the question of whether Minn.Stat. § 65B.61(3) is entirely preempted. The propriety of Minnesota's enforcement of the statute need not be addressed in this decision.

be made within ten days of the order's issuance. Plaintiffs filed their appeal on April 1, 1988, four days late. In any event, plaintiffs have now indicated that they do not object to a court trial on the $4,500 claim, and their $59,000 claim will be dismissed. The March 18, 1988 order denying a jury trial on the $4,500 claim should be affirmed; in other respects plaintiffs' appeal is moot.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The motion of Principal Mutual Life Insurance Co. for summary judgment against Jader on his $59,000 claim is granted, and that claim is dismissed with prejudice.

2. The motion of Principal Mutual Life Insurance Co. to dismiss Saber Systems' claims with prejudice is granted, and those claims are dismissed.

3. The appeal of Magistrate Becker's February 29, 1988 order dealing with discovery deadlines (filed with the clerk as Docket Item #20) is dismissed as moot.

4. Magistrate Becker's February 29, 1988 order denying Principal's request for the return of inadvertently disclosed documents (filed with the clerk as Docket Item #21) is affirmed.

5. Magistrate Becker's March 18, 1988 order denying a jury trial on Jader's $4,500 claim is affirmed. The other portion of Jader's appeal is dismissed as moot.