**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Henderson HOUGHTON, Defendant— Appellant.**

No. 04–30372.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcia Good Hurd, Esq., USBI—Office of The U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Henderson Houghton, Yazoo City, MS, pro se.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM **

Federal prisoner Henderson Houghton appeals pro se the district court's order denying his motion to vacate or set aside a final order of forfeiture regarding property used to commit child pornography offenses in violation of 18 U.S.C. § 2252A(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see United States v. Kim,* 94 F.3d 1247, 1249 (9th Cir.1996), and we affirm.

■■■ Houghton contends his due process rights were violated because he received insufficient notice of the post-conviction forfeiture proceedings and because he was given insufficient time to respond to government filings during those proceedings. We disagree. Houghton's property interest was forfeited upon his

---

conviction. *See* 18 U.S.C. § 2253(a). Notice of forfeiture was properly provided to Houghton in the indictment and the judgment of conviction. *See* Fed.R.Crim.P. 32.2(a)-(b). Houghton had no right to participate in the ancillary forfeiture proceedings which determine the property rights of third parties. *Cf. United States v. Bennett,* 147 F.3d 912, 914 (9th Cir. 1998) (holding preliminary order of forfeiture is a final, appealable order as to the defendant). Even assuming Houghton was entitled to notice of the proceedings, the record indicates the government provided adequate notice. *See United States v. Real Property,* 135 F.3d 1312, 1316 (9th Cir.1998).

■ Houghton also contends the district court erred by allowing the forfeiture proceedings to go forward before there was a final disposition of his criminal conviction on direct appeal. We reject this contention because the district court was not required to stay forfeiture proceedings pending Houghton's direct appeal. *Cf.* Fed.R.Crim.P. 32.2(d) (explaining that a district court *may* stay an order of forfeiture pending a direct appeal, but that such a stay does not delay the ancillary forfeiture proceedings).

We decline to reach arguments Houghton raises for the first time in his reply brief. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990).

AFFIRMED.