*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0602**

Robert Berg a/k/a Rob Berg,
Appellant,

vs.

Keith Waters & Associates, Inc., et al.,
Defendants,

Portico Green, LLC,
Respondent.

**Filed December 29, 2014
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-12-23435

Patrick J. Neaton, Neaton & Puklich, PLLP, Chanhassen, Minnesota (for appellant)

Thomas C. Atmore, Brian F. Leonard, Patrick J. Lindmark, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a partial-summary-judgment order that discharges notices of lis pendens, respondent argues that the order is not appealable, and appellant argues that the

district court erred by granting summary judgment when there are genuine issues of material fact as to whether respondent was unjustly enriched by a loan that appellant made to third parties. We affirm.

## FACTS

Keith Waters was the principal owner and manager of Keith Waters & Associates, Inc. (KWA). Carter Siverson was a part owner, manager, and employee of KWA. In May 2004, KWA entered into an agreement with Ronald Breckner to establish a joint venture to acquire approximately 24 acres of land and develop the land into 25 finished residential lots. The planned acquisition and development of the land was referred to as "the Portico Project." Breckner was to provide financing for the Portico Project, and KWA was to act as the project's general contractor. KWA and Breckner also formed respondent Portico Green, LLC to carry out the Portico Project. Portico Green purchased and held title to the land. In July 2004, KWA transferred its ownership interest in Portico Green to Waters and Siverson.

In August 2005, Siverson approached appellant Robert Berg and asked about KWA obtaining a loan from Berg to fund KWA's development of the Portico Project. In September 2005, KWA and Berg entered into a contract (the loan agreement) under which Berg agreed to lend $200,000 to KWA in exchange for reimbursement of that principal amount, interest, and a share of the proceeds from the Portico Project. Waters and Siverson personally guaranteed repayment of the loan. The loan proceeds were deposited into KWA's operating account. When the loan was made, KWA was also working on construction projects other than the Portico Project.

2

Some of the developed Portico Project lots were sold. But due to a declining real estate market, cost overruns, and financial difficulties for KWA, the development of other lots was not completed. In November 2012, Portico Green transferred several Portico Project lots to JRON, LLC, a company that belonged to Breckner. Waters and Siverson filed for personal bankruptcy protection. Berg received several principal and interest payments from KWA, but he did not receive all of the payments that he was entitled to under the loan agreement, and he did not receive any proceeds from the Portico Project.

Berg commenced this lawsuit against KWA, Waters, Siverson, and Portico Green. He demanded an accounting of the Portico Project proceeds from KWA and alleged breach of contract by KWA, Waters, and Siverson. He also alleged that Portico Green was unjustly enriched by his loan to KWA and sought a lien on and constructive trust over several of the lots that formerly were owned by Portico Green. Portico Green moved for summary judgment on the claims against it for unjust enrichment, creation of a lien, and creation of a constructive trust. The district court granted Portico Green summary judgment and ordered Berg to discharge the notices of lis pendens that he had filed on Portico Green lots in connection with this case. Berg filed this appeal to challenge the district court's order granting partial summary judgment to Portico Green.

## DECISION

### I.

As a preliminary matter, Portico Green argues that the order granting partial summary judgment is not appealable. If granting a motion for summary judgment

3

"results in an adjudication of fewer than all the claims or the rights and liabilities of fewer than all the parties, appeal must ordinarily await the entry of a judgment which adjudicates all remaining claims and the rights and liabilities of all remaining parties." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn. 1988). But an order discharging a notice of lis pendens is an appealable order. *Chaney v. Minneapolis Cmty. Dev. Agency*, 641 N.W.2d 328, 331 (Minn. App. 2002), *review denied* (Minn. May 28, 2002). And because the partial-summary-judgment order provides the basis for the order to discharge the notices of lis pendens, we may review the partial-summary-judgment order under Minn. R. Civ. App. P. 103.04. *See Nelson v. Nelson*, 415 N.W.2d 694, 696-97 (Minn. App. 1987) (permitting review of partial-summary-judgment order under Minn. R. Civ. P. 103.04 when meaningful review of order for discharge of notice of lis pendens could not be conducted without review of partial-summary-judgment order on which order for discharge was based).

## II.

A grant of summary judgment is reviewed de novo to determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *LaMont v. Indep. Sch. Dist. No. 728*, 814 N.W.2d 14, 21 (Minn. 2012). The reviewing court may not weigh the evidence or make factual determinations, and must consider the evidence in the light most favorable to the nonmoving party. *McIntosh Cnty. Bank v. Dorsey & Whitney, LLP*, 745 N.W.2d 538, 545 (Minn. 2008).

The party moving for summary judgment has the burden to show that a grant of its motion is appropriate. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364

(Minn. 2009). A motion for summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "Speculation, general assertions, and promises to produce evidence at trial are not sufficient to create a genuine issue of material fact for trial." *Nicollet Restoration, Inc. v. City of St. Paul*, 533 N.W.2d 845, 848 (Minn. 1995); *see also Gradjelick v. Hance*, 646 N.W.2d 225, 230 (Minn. 2002) (stating that a summary-judgment motion cannot be defeated "with unverified and conclusory allegations or by postulating evidence that might be developed at trial"). "When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of the adverse party's pleading but must present specific facts showing that there is a genuine issue for trial." Minn. R. Civ. P. 56.05.

Berg acknowledges that the terms of the loan agreement did not give him a security interest in the Portico Project lots. But he argues that because the loan proceeds were used for the Portico Project and Portico Green benefited from the project, it would be unjust to allow Portico Green to be enriched by his loan without compensating him.

"Unjust enrichment is an equitable doctrine that allows a plaintiff to recover a benefit conferred upon a defendant when retention of the benefit is not legally justifiable." *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012). To recover under a theory of unjust enrichment, "the claimant must show that another party knowingly received something of value to which he was not entitled and

5

that the circumstances are such that it would be unjust for that person to retain the benefit." *Mon-Ray, Inc. v. Granite Re, Inc.*, 677 N.W.2d 434, 440 (Minn. App. 2004), *review denied* (Minn. June 29, 2004).

The focus of an unjust-enrichment claim is on what the defendant allegedly received, not on what the plaintiff lost. *Caldas*, 820 N.W.2d at 842. During the loan negotiations with Berg, Siverson stated that the loan proceeds would be used for the Portico Project. Siverson averred that he is "absolutely certain" that all of the loan proceeds were used, "either directly or indirectly," to pay expenses of the Portico Project. But when Berg made the loan, the loan proceeds were deposited into KWA's operating account and used to reduce KWA's revolving line of credit and to pay debts for KWA projects. Berg did not attempt to trace the loan proceeds to payments for work on the Portico Project, and he did not present evidence that the loan proceeds were used to pay for any expense on the Portico Project. Instead, he argues that Siverson's statements are sufficient to create a genuine issue of material fact as to whether Portico Green was enriched by the loan.

Siverson's assertion that the loan proceeds were used, "either directly or indirectly," to pay expenses of the Portico Project is insufficient to create a genuine issue of material fact as to whether Portico Green received something of value from Berg. *See Gradjelick*, 646 N.W.2d at 230 (stating that "unverified and conclusory allegations" are insufficient to defeat a summary-judgment motion); *Nicollet Restoration*, 533 N.W.2d at 848 (stating that "general assertions" are insufficient to create a genuine issue of material fact for trial). As the district court determined, Berg did not present specific facts

6

showing that Portico Green was enriched by Berg's loan. The district court did not err by granting summary judgment on Berg's unjust-enrichment claim.

## III.

Berg contends that he is entitled to an equitable interest in Portico Green lots, in the form of an equitable lien or a constructive trust. "An equitable lien arises in an equity proceeding when a person is allowed to reach the property of another and hold it as security for a claim on the ground that otherwise the latter would be unjustly enriched." *Fredin v. Farmers State Bank of Mountain Lake*, 384 N.W.2d 532, 535 (Minn. App. 1986). A constructive trust is a similar remedy that may also be imposed to prevent unjust enrichment. *Id.* Because Berg failed to present evidence sufficient to establish a genuine issue of material fact as to whether Portico Green was unjustly enriched by Berg's loan, there is no basis for establishing an equitable lien or imposing a constructive trust. The district court did not err by granting summary judgment on Berg's claims for a lien or constructive trust.

Because Berg failed to establish valid claims for unjust enrichment, an equitable lien, and a constructive trust, the district court did not err by ordering Berg to discharge the notices of lis pendens.

**Affirmed.**