**UNITED STATES of America, Plaintiff,**

v.

**James Robert CARLSON, Defendant.**

**Criminal No. 12–305(1)(DSD/LIB).**

United States District Court, D. Minnesota.

Signed Feb. 23, 2015.

Craig R. Baune, Assistant U.S. Attorney, Minneapolis, MN, counsel for plaintiff.

Randall D.B. Tigue, Esq., Golden Valley, MN; Mark D. Nyvold, Esq., Fridley, MN, counsel for defendant.

## ORDER

DAVID S. DOTY, District Judge:

This matter is before the court upon the motion for an order discharging notice of lis pendens by the United States. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

On October 7, 2013, a jury convicted defendant James Robert Carlson of (1) conspiracy to commit offenses against the United States, (2) nine counts of causing misbranded drugs to be introduced into interstate commerce, (3) six counts of delivery of misbranded drugs into interstate commerce, (4) doing acts resulting in drugs being misbranded, (5) distribution of a controlled substance, (6) conspiracy to distribute controlled substance analogues, (7) nine counts of distribution of controlled substance analogues, and (8) twenty-three counts of monetary transactions in property derived from specified unlawful activity. ECF No. 299.

On December 5, 2013, the court entered a preliminary order of forfeiture requiring Carlson to forfeit in part, pursuant to 21 U.S.C. § 853(a), "the real property, including the land and any and all buildings and

structures located at 120 E. Superior St., Duluth, MN, currently utilized as 'The Last Place on Earth' store." (LPOE Property). ECF No. 361, at ¶ 4(g). The order provided that it would "become final as to the defendant at the time of sentencing," and further stated that "the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee." *Id.* at ¶¶ 11–12. No third-party petitions were filed regarding the LPOE Property. Carlson was sentenced on August 15, 2014, and the court issued a final order of forfeiture on August 21, 2014. ECF Nos. 423, 429, 430. The final order granted the United States "all right, title and interest" in the LPOE Property, and authorized the United States to dispose of all forfeited property "in accordance with law." *See* ECF No. 430 ¶¶ 4(g), 6.

Carlson filed a notice of appeal on August 22, 2014. ECF No. 436. On August 29, 2014, Carlson recorded a Notice of Lis Pendens with the St. Louis County Recorder (Notice). *See* ECF No. 472–1. The Notice stated that an appeal had been filed which "affects Appellee United States of America's title and right to possess the [LPOE Property]." *Id.* at 2. On January 15, 2015, the government filed a motion to discharge the Notice.

## DISCUSSION

■ Following the court's entry of an order of forfeiture, and after the disposition of all third-party petitions pursuant to that order, the United States is granted "clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7). Upon the application of the United States, the court may "take any other action to protect the interest of the United States in the property ordered forfeited." *Id.* § 853(g). The filing of an appeal does not automatically stay a forfeiture order. *See*

*United States v. Houghton,* 132 Fed.Appx. 130, 132 (9th Cir.2005). Rather, the court is granted discretion to stay an order of forfeiture "on terms appropriate to ensure that the property remains available pending appellate review." Fed.R.Crim.P. 32.2(d).

■ Carlson does not seek a stay under Rule 32.2(d). Instead, he argues that his notice of lis pendens must remain intact pending the disposition of his appeal. *See Holmer v. U.S. Bank, Nat'l Ass'n,* No. A11–470, 2012 WL 5761, at *4 (Minn.Ct. App. Jan. 3, 2012) ("Generally, a lis pendens continues until final judgment relating to the claimed interest in the property is entered on appeal."). Minnesota courts typically cannot discharge a notice of lis pendens when it is filed in an appropriate action. *See Joslyn v. Schwend,* 89 Minn. 71, 93 N.W. 705, 706 (1903) ("[A] lis pendens, when once filed in a proper action, cannot be canceled by order of court, on motion or otherwise, so long as the action is pending and undetermined"). A notice of lis pendens may be filed in any action affecting or involving "the title to, or any interest in or lien upon" real property. Minn.Stat. § 557.02. Carlson argues that, because his criminal proceeding affects the title to and interest in the LPOE Property, the court cannot discharge the Notice. The court disagrees.

Carlson does not address the relationship between Minnesota law regarding notices of lis pendens and the court's broad authority to enforce forfeiture orders pursuant to 21 U.S.C. § 853. As stated, the court may "take any other action to protect the interest of the United States in the property ordered forfeited." 21 U.S.C. § 853(g). The Notice at issue here creates a cloud on the government's title to the LPOE Property and impedes the ability to warrant good title to third parties. *See First Constr. Credit, Inc. v. Simonson*

*Lumber of Waite Park, Inc.*, 663 N.W.2d 14, 20 (Minn.Ct.App.2003) ("The filing of a notice of lis pendens created a cloud upon the title to the property."); *Nelson v. Nelson*, 415 N.W.2d 694, 698 (Minn.Ct.App. 1987) ("The purpose of a lis pendens is to warn prospective purchasers that title to the property is in litigation which impedes a property owner's right to free alienability of real estate."). As a result, § 853(g) authorizes the court to take appropriate action to remove the cloud imposed by the Notice.

■ Moreover, it appears that Carlson lacked a sufficient interest in the LPOE Property when he filed the Notice. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708–09 (8th Cir.1989) (affirming cancellation of notice of lis pendens where party did not have a sufficient proprietary interest when it was filed). The court's preliminary order of forfeiture became final at Carlson's sentencing on August 15, 2014. *See* Fed. R.Crim.P. 32.2(b)(4)(A). The court entered a final order of forfeiture on August 21, 2014. ECF No. 429, 430. Carlson did not seek a stay, and the United States was granted clear title to the LPOE Property. *See* 21 U.S.C. § 853(n)(7). As a result, even if the court lacked authority to discharge a valid notice of lis pendens under § 853(g), the Notice was not valid.

Carlson also argues that, if his conviction were reversed, reimbursement of the government's sale price on the LPOE Property would not adequately compensate him for losing intrinsically valuable real property. *See City of Moorhead v. Red River Valley Coop. Power Ass'n*, 830 N.W.2d 32, 39 (Minn.2013) ("[R]eal property ... is always unique and thus warrants the otherwise unusual award of specific performance."). The court would be inclined to address such an argument if Carlson were attempting to seek a stay of the forfeiture order, in which case the court must consider "the forfeited asset's intrinsic value to the defendant." *See United States v. Petters*, Crim. No. 08–364, 2010 WL 1254353, at *1 (D.Minn. Mar. 24, 2010). Carlson has not sought a stay, however, and he further acknowledges that the government would be permitted to sell the LPOE Property even if the Notice were to remain intact.

■ Finally, Carlson argues that the forfeiture order is an unlawful prior restraint in violation of the First Amendment. Specifically, Carlson argues that the Notice is a statement that he appealed his criminal conviction and forfeiture order, and that cancelling the Notice is a content-based restriction on his speech. Carlson does not provide any authority equating the cancellation of a notice of lis pendens with an unlawful prior restraint. Moreover, the court is not ordering the cancellation of the Notice based on its content. Any notice of lis pendens, regardless of content, would constitute an impermissible cloud on the government's title to the LPOE Property. As a result, the court finds that discharge of the Notice is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion by the United States for an order discharging defendant's notice of lis pendens [ECF No. 472] is granted.